MARINES v. GOBLET.

In action for recovery of land, the defence being adverse possession, the
trial judge was requested by defendant to charge "that if the jury find
that the plaintiffs deliberately stood by for years, and without objec-
tion saw defendants or others buying the land in dispute, and mak-
ing improvements thereon, under the supposition that they had a good
title, then the plaintiffs will now be estopped to set up their claim
against them." *Held*, that the trial judge erred in saying to the jury,
in response to this request, that this did not state sufficient facts to
raise the rule of estoppel.

Before WALLACE, J., Berkeley, October, 1888.

This was an action by John Marines and Luke Marines to
recover possession of a strip of land from F. Goblet and his ten-
ant, A. Jouannet. The only facts in testimony stated in the
Brief were as follows: "The lands of the parties lay adjacent to
each other, and this piece was on the boundary line. The plaintiffs
introduced title deed from Geo. F. Kinloch to them, dated Sept.
12, 1866, which was duly recorded. The defendant, Goblet, and
his tenant, Jouannet, had been in possession of the piece or strip
of land in dispute for some years. Goblet claimed to have pur-
chased the land, in good faith, from a third party for value, and
had built a house on it, cultivated it, and otherwise improved it.
He put in his title deeds, which he claimed included the strip of
land." It is stated, however, that there were other facts in tes-
timony.

*Messrs. Smythe & Lee*, for appellants.

*Mr. W. St. J. Jervey,* contra.

June 25, 1889.    The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.    The action below was brought to recover a lot of land located in Christ Church Parish, alleged to belong to the plaintiffs and in the possession of the defendants. The defendant "denied that the plaintiffs, their ancestors, predecessors, or grantors, had been seized or possessed of the premises in question, or of any part thereof, within ten years before the commencement of the action, and alleged that he, his ancestors, predecessors, and grantors, had held and possessed the said premises adversely to the title of the plaintiffs for ten years at least past before the commencement of said action, under a claim of title in fee, exclusive of any other right." At the trial the defendant requested his honor to charge, "That if the jury find that the plaintiffs deliberately stood by for years and without objection saw Goblet or others buying the land in dispute, and making improvements thereon, under the supposition that they had a good title, then the plaintiffs will now be estopped to set up their claim against them." This his honor declined to charge, saying: "That does not state sufficient facts to raise the rule of estoppel," referring to the case of *Phinney* v. *Johnson,* 13 S. C., 23, as containing the law upon this subject. From this refusal of his honor to charge as requested, the case is now before us on appeal.

It will be seen, from the statement made above, that the question before us is, not whether the facts testified to on the trial were sufficient to constitute an estoppel, but whether the facts stated in the request to charge, if found by the jury as facts of the case, would amount as matter of law to an estoppel. The first question was a question of fact involving the sufficiency of the evidence introduced, and was alone for the jury, but the second raised a question of law, upon which it was proper for the judge to charge, and upon which he did charge; and therefore the correctness of his charge is the only question in the case.

There are several kinds of estoppel, and among them is the estoppel "in pais," to wit, estoppels by conduct, &c., to which class this case belongs. That class therefore is the only class which need be considered here. Without going into an elaborate dis-

cussion of this character of estoppels, we think it will be sufficient for the purposes of this case to refer to the case of the *Lessee of Tarrant* v. *Terry* (1 Bay, 241), which is the first case in our own reports upon this subject—a case in which the facts were very similar to those presented in the defendant's request to charge, and where the court ruled that the plaintiff had forfeited his claim to the land in dispute. Bay, J., said: ''That with respect to the subsequent conduct of Lewis, who was in the neighborhood, and saw Tarrant erecting his mill, under an impression that the land was included in his grant, without once hinting that the land was his, or forbidding him from going on, was of itself such conduct, even if there had been no fraud in the survey, as would have forfeited his claim to the land in dispute.''

We do not find that this principle has been at all modified or weakened by any subsequent case in this State. The case referred to by his honor, *Phinney* v. *Johnson, supra,* did not have that effect. That was a case of claim for dower, where the land had been sold under an execution against the demandant as administratrix of her deceased husband, in which land she afterwards claimed dower. This claim was resisted in part on the ground of estoppel, as she gave no notice of her claim when the land was sold. The probate judge, however, found as matter of fact, "that the purchasers who successively took title under the sheriff's deed had knowledge of the petitioner's claim of dower in the land sold,'' and it was upon this fact that the defence of estoppel was overruled.

The English case of *The East India Company* v. *Vincent* (2 Atk., 83), and which was cited in the case in Bay *supra,* may also be cited as authority here. In that case Lord Hardwicke said: "There are several instances where a man has suffered another to go on with building upon his ground and not set up a right till afterwards, when he was all the time conversant of his right, and the person building had no notice of the other's right, in which the court would oblige the owner of the ground to permit the person building to enjoy quietly and without disturbance.''

Now, we do not know the character of the testimony introduced in the trial below, nor how far the defendant may have made out his defence of estoppel, nor is that a question which in

any event could come within our province; and therefore we decide nothing on that subject. But we think that the defendant was entitled to a ruling from the trial judge, that if the jury found the facts of the case as stated in the request, that then an estoppel was made out. The request stated the fact of the plaintiffs not simply standing by in silence, seeing the improvements of the defendant going up, but deliberately doing so, the defendant acting under the supposition that he had a good title to the land. This, it seems to us, was at least as strong, if not stronger, than the case of the *Lessee of Tarrant* v. *Terry*, *supra*, and should have been charged.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and the case be remanded.