7019

SCARBOROUGH v WOODLEY.

PLEADINGS—ESTOPPEL.—A plea of estoppel should contain an allegation that defendant was misled by conduct of plaintiff, and that plaintiff had knowledge of his rights, but estoppel need not be pleaded. Here there was error on part of Circuit Judge in first correctly sustaining the demurrer to the defense of estoppel and after instructing jury the defense was not before them, giving them the law of estoppel.

Before KLUGH, J., Sumter, April, 1907. Reversed.

Action by James H. Scarborough against J. M. Woodley. From judgment for plaintiff, defendant appeals.

*Messrs. Lee & Moise, H. D. Moise* and *Shand & Shand,* for appellant. *Messrs. Lee & Moise* and *H. D. Moise* cite: *Demurrer to defense of estoppel was improperly sustained:* 37 L. R. A., 593; 16 Cyc., 761, 782, 783; 27 Am. R., 424; 12 Am. R., 111; 85 Mich., 246; 39 Neb., 493; 84 N. Y., 499; 48 S. C., 267; 22 S. C., 548; 43 S. C., 441; 57 S. C., 507; Pom. Eq. Jur., secs. 499, 500; 12 S. C., 351; 6 A. D. S., 469; Bishman's Pr. of Eq., sec. 288; Bigelow on Estoppel, 588, 282. *Motion to amend is within discretion of Court:* 18 S. C., 305; 26 S. C., 474; 31 S. C., 588; 32 S. C., 57. *As to record of title preventing estoppel:* 51 Miss., 232; 48 S. C., 925; 106 N. W. R., 183; 86 Pac., 37; 19 At. R., 824; 2 Pom., 1439; 5 Current Law, 1288 *et seq.;* 87 N. W., 1072; 77 S. C., 420.

*Messrs. Shand & Shand* cite: *Plaintiff under facts here is estopped, even if ignorant of his claim or if he had forgotten it:* 67 S. C., 450; 1 Bay, 238; 31 S. C., 155; 48 S. C., 271; Bigelow on Estoppel, 451; 117 Mass., 474; 10 A. & E., 90; 2 Johns., 573; 1 Bay, 238; 57 S. C., 279; 77 S. C., 425; 94 U. S., 96; 117 U. S., 108. *Having taken from jury defense of estoppel, instruction thereon was error:* 71 S. C., 329.

*Mr. L. D. Jennings,* contra, cites: *Demurrer as to estoppel properly sustained:* 90 Ind., 291; 8 Ency. P. & P., 9, 10, 11, 12. *Inference is against estoppel:* 76 Ind., 391; 29 Ind., 177; 102 Ind., 396; 93 Ind., 570; 84 Ind., 448; 66 Ala., 129; 8 Ency. P. & P., 10; 2 Rawle, 357; 37 Mich., 476. *What plea of estoppel must contain:* 1 Dough., 159; 6 W. Va., 168; 14 W. Va., 809; 13 Nev., 395; 25 Cal., 594; 26 Cal., 39; 14 Ind. App., 111; 76 Ind., 381; 26 Ala., 612; 12 S. W. R., 1068; 102 Ind., 296; 6 Nev., 377; 6 Wash., 244; 17 Vt., 419; 8 Ency. P. & P., 11, 12, 15; 16 Ency. P. & P., 734, 738, 739, 740, 741, 742; 42 S. C., 348; 16 Pa. R., 657; 57 S. C., 518. *What is required to work an estoppel:* 42 S. C., 351; Bigelow on Estoppel, 434; 28 S.

C., 48; 27 S. C., 53; 13 S. C., 355, 371; 16 Ency. P. & P.,
741; 16 Cyc., 744, 748, 810.   *Equitable estoppel is available
at law:* 4 Am. & Eng. Dec. in Eq., 376; 16 Ala.. 714; 57
Ala., 183; 47 Conn., 190; 65 Ga., 219; 6 A. & E., 469; 10
A. & E., 90; 9 B. & C., 577; 2 How., 284; 102 L. Ed., 79;
6 T. R., 554; 2 Smith Lead. Cas., 734.

September 17, 1908.   The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS.   The plaintiff recovered judgment
against the defendant for the possession of two acres of
land.   The complaint was in the usual form.   The first
defense was a general denial and the third defense related
to betterments.   Neither of these are involved in the appeal.
For a second defense the defendant undertook to plead
estoppel, alleging that he bought from Gertrude C. Scar-
borough, plaintiff's mother, a tract of land which was sur-
veyed under the supervision of W. D. Scarborough, plain-
tiff's father, and by his direction the two acres in dispute
were included in the survey and in the deed; that the plain-
tiff came up while the survey was in progress and, though
he was made aware of the purpose to include the two acres
in the survey and sale, he made no objection; that the de-
fendant cleared up a portion of the two acres and brought
it into cultivation, and though the plaintiff frequently drove
by the defendant's plantation he gave no intimation of his
claim to the land.

The Circuit Judge was right in sustaining a demurrer to
the second defense of estoppel.   The attempt to state this
defense was fatally defective in two particulars: First. There
was no allegation that defendant was misled by the conduct
of plaintiff—not even a direct allegation that he supposed
Mrs. Gertrude C. Scarborough, his grantor, was the owner
of the land in dispute.   Second. There was no allegation that
plaintiff at the time had any knowledge of his own claim.
Silence and inaction, such as alleged here, without positive

encouragement or actual participation in the transaction, which is not alleged, does not constitute estoppel. *Chambers* v. *Bookman,* 67 S. C., 432, 46 S. E., 39. The first defect would have been cured by the amendment proposed; but the Circuit Judge properly refused to allow the amendment because the second fatal defect would have still remained, and the amendment would have been of no benefit.

The effect of sustaining the demurrer, however, was to leave the answer just as it would have been if no attempt had been made to plead estoppel. It is not necessary in this State to plead estoppel, (*Lites* v. *Addison,* 27 S. C., 235, 3 S. E., 214); and, therefore, the defendant had the right under his general denial to introduce evidence of estoppel, and on such evidence have the issue of estoppel submitted to the jury. 6 Enc. P. & P., 356. The Court allowed the defendant to introduce evidence of the facts relied on to constitute estoppel. As there is to be a new trial, we do not refer to this evidence further than to say it was sufficient to warrant the submission of the issue of estoppel to the jury.

The error of the Circuit Court was in instructing the jury they could not consider the defense of estoppel. This instruction was given at the beginning of the charge in this language, which could not be misunderstood: "This defendant answers the complaint, first, by a general denial of the allegations contained in the complaint; and then, secondly, he goes on and sets up a defense by way of estoppel, which you will read as set forth in the answer; but the Court, before the trial begun before this jury, struck out that second defense, holding that it was not sufficient to constitute a defense, and is, therefore, not before you as a consideration and has not been touched or substantiated by the evidence in the case for the reason that the Court held that it was not sufficient, and it is the same as if the answer did not contain that second defense, so that you will not consider that defense." This meant not only that the demurrer had been sustained, but it took away from the jury the issue of estoppel. It is

true that the Circuit Judge did subsequently charge the following request submitted by defendant:

"If the jury find that the plaintiff deliberately stood by for years, and without objection saw the defendant making improvements upon the piece of land referred to in the complaint, under the supposition that he had a good title thereto, then the plaintiff will now be estopped to set up his claim to the land against the defendant."

If the jury did not receive a distinct impression from the charge that they could not consider the evidence on the issue of estoppel, they were, at the least, left by the irreconciliable instructions in a state of doubt and uncertainty as to their duty to consider that evidence and pass on that issue.

The judgment of this Court is that the judgment of the Circuit Court be reversed and the cause remanded to that Court for a new trial.

MR. JUSTICE JONES *did not sit in this case.*