## 7670

### LORICK & LOWRANCE v. SOUTHERN RY.

ABANDONMENT OF RIGHT OF WAY OF A RAILROAD COMPANY cannot be inferred from nonuser for twenty years unless the circumstances indicate an intention not to make any further use of the easement. The provision in the charter that the road shall hold and enjoy the same as long as it is used for the purposes of the road and no longer does not alter the rule.

Before MEMMINGER, J., Richland, November, 1909. Affirmed.

Action by Lorick & Lowrance against Southern Railway. From judgment for defendant, plaintiff appeals.

*Messrs. Lyles & Lyles,* for appellant, cite: *Nonuse for twenty years defeats right:* 12 S. E., 917; 14 Cyc., 1186; 6 Rich. L., 403; 22 S. C., 547. *Evidence shows an abandonment:* 6 S. C., 212; Wash. on Eas., sec. 717; 1 Chest. R., sec. 363; *Jones* v. *Van Boehne,* 103 Mich.

*Messrs. Thomas & Lumpkin,* contra, cite: *Mere nonuser will not defeat right of way:* Tiedeman on Real Prop., sec.

605; Goddard on Eas., 464; 2 Ell. on R. R., sec. 931; 33 Cyc., 222; 23 Ency., 705; 220 Ill., 469; 73 Kan., 565; 156 N. Y., 484; 24 Pick., 106; 3 Strob., 228; 22 S. C., 547, 166; 37 S. C., 335; 112 Mass., 224; 18 L. R. A., 539. *Abandonment is a question of intention:* 3 Strob., 224; 22 S. C., 547; 23 Ency., 705; 120 Ga., 516; 137 N. Y., 326; 10 Ency., 435; 22 L. R. A. (N. S.), 883. *Effect of use of right of way:* 27 Ill., 414; 89 Pa., 210. *No adverse use:* 29 S. C., 382; 72 S. C., 228; 63 S. C., 216. *Right of way under charter:* 67 S. C., 505; 85 S. C., 440; 108 N. C., 434.

September 26, 1910.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    The plaintiff being the owner of a square of land in the city of Columbia containing four acres, bounded by Rice, Bull, Marion and Tobacco streets, brought this action to enjoin the Southern Railway Company from using an old right of way across the land on the ground that the right to the easement had been abandoned and lost by nonuser. . The issue submitted to the jury was, "Whether at the time of the commencement of this action the Southern Railway Company was entitled to a right of way over the four-acres of land described in the complaint along the line of the old Charlotte and South Carolina Railway track, and if so, of what width?"    The evidence showed beyond dispute that the Charlotte and South Carolina Railway Company owned a right of way over the land one hundred and thirty feet wide acquired in 1850, and that the defendant is successor to the right and title of the Charlotte and South Carolina Railway Company.    There was evidence tending to show that owing to change in track arrangement the right of way over this lot of land had not been used for twenty years; but there was no evidence of adverse use by any owner of the servient estate of land embraced in the right of way for the statutory period of ten years.

The verdict on the issue submitted was in favor of the defendant. The Circuit Judge by his decree approved this finding and, in refusing the injunction and dismissing the complaint, adjudged the Southern Railway Company to be entitled to a right of way over the land one hundred and twenty feet in width.

The exceptions assign error in the instructions to the jury on the issue whether the right of way had been abandoned by the railroad company. The charge in substance was that abandonment of the right of way could not be inferred from mere nonuser for twenty years, unless the circumstances indicated an intention not to make any further use of the easement. This instruction was in accordance with the law thus laid down in *Polson* v. *Ingram,* 22 S. C., 541: "It will be observed that the question of abandonment is a very different question from having the easement defeated and divested by the adverse use of another. This last question is to be determined by the character of the adverse use, and how long continued, while the former depends upon the intention of the party in possession, without regard to the claims of others. Such being the law, it would have been error for the Judge to have charged, as a direct and positive proposition, "that twenty years' nonuser will presume the abandonment of an easement." The rule thus stated is one of general recognition except when altered by statute. 33 Cyc., 221; *Orr* v. *O'Brien,* 14 Am. St. Rep., 282, and note; *Trimble* v. *King,* 22 L. R. A. (N. S.), 881, and note.

The plaintiff insists, however, that the charter statute under which the Charlotte and South Carolina Railway Company acquired this right of way alters the rule, in that it enacts with respect to the right of way, "The said company shall have good right and title thereto and shall have, hold and enjoy the same as long as the same may be used only for the purpose of the said road and no longer" etc. The same provision is found in section 2194 of the Civil Code relating to rights of way acquired under the general

condemnation statute. The design and meaning of these enactments is that the railroad company should be prohibited on pain of forfeiture from using for private gain land which it was permitted to acquire under the State's right of eminent domain for a use in which the public is concerned. The statutes cannot be tortured into meaning so unreasonable a thing as that any temporary nonuser of the right of way without purpose of abandonment shall destroy the easement. To destroy the right under these statutes there must be shown either a use separate and distinct from railroad purposes, or nonuse for railroad purposes under such circumstances as to indicate an intention to abandon the right of way. *Southern Railway* v. *Beaudrot,* 63 S. C., 266.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.