### 7985

### SOUTHERN RAILWAY—CAROLINA DIVISION v. HOWELL.

1. ISSUES.—THE DEFENSE OF ESTOPPEL IN PAIS in an issue of title is legal and if the facts are in dispute properly triable by a jury.
2. IBID.—EASEMENT.—Whether a party has abandoned an easement is a question of fact and of intention and is triable by a jury.

Before MEMMINGER, J., Spartanburg, March, 1909. Reversed.

Action by Southern Railway—Carolina Division against J. L. Howell. Defendant appeals.

*Messrs. Bomar & Osborne,* for appellant, cite: *Issue of estoppel is for jury:* 79 S. C. 269; 63 S. C. 39; 81 S. C. 332; 52 S. C. 408; 84 S. C. 429; 82 S. C. 35; 79 S. C. 268. *The law of estoppel:* 88 S. C. 24; 67 S. C. 451; 84 S. C. 430; 31 S. C. 135; 77 S. C. 425.

*Messrs. Sanders & DePass,* contra, cite: *There is no evidence of estoppel:* 79 S. C. 266; 16 Cyc. 726, 734; 93 U. S. 335. *Nor of abandonment:* 1 Cyc. 4; 87 S. C., 71.

July 26, 1911. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This is the second appeal in this case. The first is reported in 79 S. C. 281, 60 S. E. 677.

In 1874, John Bankston Davis conveyed to the Spartanburg & Asheville Railroad Company a right of way two hundred feet wide, measuring from the center of the railroad, through a tract of land owned by him at or near Campobello. The deed was not recorded until after the controversy herein arose. Davis died in 1888, leaving a will wherein he devised the whole tract, including the right of way, to his niece, the wife of I. W. Wingo. In 1896, Mrs. Wingo conveyed it to her husband. On December 27, 1900, Mr. Wingo conveyed a part of the tract to defendant. The deed to defendant describes the lot conveyed as containing five acres and a fraction, and extending to a line fifty feet from and parallel to the railroad. Sometime after defendant bought, he enclosed his lot with a fence, and thereby prevented the railroad company and its patrons from using that part of the right of way conveyed to him and inclosed within his fence.

This action was brought to enjoin the maintenance of the fence, as a continuing trespass. All the defenses originally set up by defendant have been abandoned, except two, to wit: estoppel *in pais,* and abandonment by plaintiff's predecessor in title of the easement in that part of the right of way enclosed.

The Court ruled that the defense of estoppel was equitable in its nature, and, therefore, presented only an equitable issue which should be decided by the Court and not by a jury; and that the defense of abandonment was analogous, and made no issue upon which the defendant had the right of trial by jury. The appeal questions this ruling.

It will not be necessary to notice the complaint in detail to determine whether, in form, it is an action for the recovery of the possession of real estate, as contended by appellant, or whether it is only an action in equity for injunction, as contended by respondent, and, therefore, one of equitable cognizance. It has been decided by this Court too often to require citation of the cases that a plaintff cannot, by framing his complaint so that his action would, under the old procedure, be one cognizable only by a court of equity, select the forum in which the issue shall be tried and thereby defeat a defendant's constitutional right of trial by jury. The complaint alone does not necessarily determine the character of the issues,—whether they are legal or equitable,—or the mode of trial to which the parties are entitled. Those are questions which must be determined from an examination of all the pleadings in the case. Now, in this case, the defendant claims title to the land in dispute, based upon the defenses mentioned. If they present issues which, before the adoption of the reformed procedure, were legal in their nature,—that is, issues which were cognizable by a court of law, then the defendant was entitled to have them decided by a jury. *Addicks* v. *Lowry,* 12 S. C. 108; *Chapman* v. *Lipscomb,* 18 S. C. 222; *Holliday* v. *Hughes,* 54 S. C. 115, 31 S. E. 867; *Alston* v. *Limehouse,* 61 S. C. 1, 39 S. E. 192, and cases cited.

It is not surprising that some confusion has arisen from expressions which are frequently found in the textbooks and decided cases, characterizing estoppel *in pais* as equitable in its nature. It had its origin chiefly, if not wholly, in the courts of equity, and, at first, it was available only in that forum. Naturally, therefore, it has always been spoken of as equitable, and so it is, not only in its origin, but also in its nature. But, in various ways, many of the maxims and principles which originated in the courts of equity became engrafted upon the common law. Sometimes

it was done by statute, but not infrequently it was accomplished merely by the adoption of them by the common law courts, so that, in time, many of them were as available to litigants in those courts as to those in courts of equity.    It was this tendency which finally resulted in the adoption of the reformed procedure and the amalgamation of the courts of law and equity.   But an examination of the cases above cited shows that that great reform wrought no change in the inherent differences which previously existed between legal and equitable actions and defenses, or in the mode of trying them.    Those which were legal, that is, cognizable by the courts of law, are still so, and those which were equitable still retain that character, and each must be tried by its appropriate tribunal.

As far back in the history of the administration of the law in this State as 1792, we find the doctrine of estoppel *in pais* administered by the law courts.    In *Lessee of Tarrant* v. *Terry,* 1 Bay 241, it was allowed to avail the defendant in an action of ejectment to try title to land.    From that time to the present, our reports show that the principle has been administered by the law courts as a defense in actions to recover possession of land.   *Marines* v. *Goblet,* 31 S. C. 153, 9 S. E. 803; *Scarborough* v. *Woodley,* 81 S. C. 329, 62 S. E. 405; *Railroad Co.* v. *Cotton Mills,* 82 S. C. 24, 61 S. E. 1089.    It was also recognized in the first trial in this case.    That it is a legal defense, in an action like this, which the defendant has the right to have submitted to a jury was expressly decided by this Court in *Sullivan* v. *Moore,* 84 S. C. 429, 65 S. E. 108, where the Court said: "The appellant's first contention is, that the issue of estoppel is equitable in its nature, and, therefore, should have been tried by the Court, and not submitted to the jury on the issue of legal title.    The position is not tenable."    The Court then quotes at length from the opinion of the Supreme Court of the United States in *Drexel* v. *Berney,* 122 U. S. 241, 30 L. Ed. 1219, to show that the doctrine is cognizable, at law as well

as in equity, and that, "in order to justify a resort to the court of equity, it is necessary to show some ground of equity other than the estoppel itself, whereby the party entitled to the benefit of it is prevented from making it available in a court of law. In other words, the case must be one where the forms of law are used to defeat that which, in equity, constitutes the right. Such a case is one for equitable interposition." See, also, *Kirk* v. *Hamilton,* 102 U. S. 68, 26 L. Ed. 79; *Brown* v. *Bowen,* 30 N. Y. 519, 86 Am. Dec. 406; *Odlin* v. *Gove,* 41 N. H. 465, 77 Am. Dec. 773; *Putnam* v. *Tyler* (Penn.), 12 Atl. 43; *Snow* v. *Hutchins* (Mass.), 35 N. E. 315. In *Townes* v. *City Council,* 52 S. C. 408, 29 S. E. 851, the Court said: "An estoppel *in pais* is a mixed question of law and fact. When the facts relied on to create an estoppel are admitted, or undisputed, or ascertained by the proper tribunal, then whether such facts create an estoppel is a question of law for the decision of the Judge; but when the facts relied on to create an estoppel are disputed, then the case must go to the jury, under proper instructions from the Court as to what constitutes an estoppel, leaving it to the jury to determne whether the evidence establishes or not the facts necessary to create an estoppel." In this case, as in that, the facts relied on to create the estoppel were disputed and should have been submitted to the jury.

That an easement may be lost by abandonment is a principle too well established to admit of argument. Whether a party has abandoned his right to an easement is a question of fact and intention proper for the decision of a jury. *Parkins* v. *Dunham,* 3 Strob. 224; *Lorick* v. *Ry.,* 87 S. C. 71, and cases cited. Whether a railroad company can lose a part of its right of way by abandonment is a question which was not considered by the Circuit Court, and, therefore, not properly before this Court.

Reversed.