AIKEN v. SEABURY.

(92 S. E. 1048.)

1. APPEAL AND ERROR—REVIEW—ORDER DISMISSING APPEAL.—Where a Circuit Court Judge did not assign any reason for his order in dismissing an appeal from a magistrate, and there is nothing in the record showing that he based his conclusions upon any propositions of law contended to be erroneous by appellant's attorneys, the appellate Court must assume that the order was based on meritorious grounds, if any such are disclosed by the record.

2. MAGISTRATE—JURISDICTION.—Although Const., art. V, sec. 21, provides that the jurisdiction of magistrates shall not extend to cases in chancery, in an action in claim and delivery, to recover possession of a horse tried before a magistrate, defense of estoppel was *in pais,* and not equitable in its nature, and hence the magistrate had jurisdiction thereof.

Before SEASE, J., Orangeburg, March, 1917.   Affirmed.

Action by Frances Aiken against Buddy Seabury.   From a judgment of the Circuit Court dismissing an appeal from a judgment of a magistrate for defendant, plaintiff appeals.

*Messrs. Brantley & Zeigler,* for appellant, cite: *As to jurisdiction:* 60 S. C. 103; 87 S. C. 369.   *As to estoppel:* 77 S. C. 420; 42 N. E. 447; 13 Pet. 107; 81 S. C. 331. *Payment of taxes as evidence:* 99 S. C. 180.   *Mortgage as evidence:* 1 Cobbey Chattel Mtges. 267.   *Advances under mortgage:* 97 S. C. 278.   *Contradiction of witness on immaterial matter:* 106 S. C. 11; 55 S. C. 32: 2 Bailey 127 and 473.   *As to what is collateral:* Jones Evidence, sec. 827.   *Evidence to control:* 15 Rich. 63.

*Mr. J. Stokes Salley,* for respondent, cites: *As to procedure on appeal:* Code Civ. Proc. 407; 90 S. C. 79; 91 S. C. 5; 93 S. C. 367 and 576; 106 S. C. 395.

July 3, 1917.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action in claim and delivery, to recover the possession of a horse. The case was tried by a magistrate without a jury, and he rendered judgment in favor of the defendant for possession of the property or for $75, the value thereof. The plaintiff appealed to the Circuit Court, but the appeal was dismissed, whereupon she appealed to this Court.

In dismissing the appeal, his Honor, the Circuit Judge, did not assign any reasons for his order, and there is nothing in the record showing that he based his conclusion upon any of the propositions of law which the appellant's attorneys contend are erroneous. Therefore, we must assume that it was based upon meritorious grounds, if any such are disclosed by the record. *Bagnal* v. *So. Express Co.,* 106 S. C. 395, 91 S. E. 334. The appellant's ninth assignment of error is as follows:

"Because the Circuit Judge erred in not holding that the record showed that the magistrate's decision in favor of the defendant, for the possession of the said horse, rested upon the equitable ground of estoppel, and that the decision was erroneous for the reason that magistrates have no equity jurisdiction."

It is true, section 21, art. V of the Constitution, provides that the jurisdiction of magistrates shall not extend to cases in chancery; but it is only necessary to cite the case of *Southern Ry.* v. *Howell,* 89 S. C. 391, 71 S. E. 972, Ann. Cas. 1913a, 1070, to show that the estoppel herein is *in pais,* and not equitable in its nature, and that the magistrate has jurisdiction thereof.

Having reached this conclusion, there was competent testimony showing that the plaintiff was estopped from claiming the horse.

Affirmed.