14388

WITT *ET AL.* v. POOLE

(188 S. E., 496)

*Messrs. Martin & Sturkie,* for appellants,

*Messrs. George Bell Timmerman* and *Efird & Carroll,* for respondent,

December 1, 1936.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The complaint in this action alleges, among other things, that Michael A. Witt died intestate on the fourth day of January, 1911, and left surviving him as his sole heirs at law his widow, Lilla E. Witt, and four children, all of whom are now adults. This action was brought by the widow and children against the defendant for damages, based upon the defendant's alleged trespass and invasion of the rights of plaintiffs of, in and to, "a right to pond and dam and to a mill yard and mill privilege on all that certain piece, parcel or tract of land containing thirty acres, more or less," situate in Lexington County,

The plaintiffs claim this easement through their intestate Michael A. Witt, who acquired it by grant in a deed from T. H. Caughman, sheriff of Lexington County, bearing date January 19, 1901, and it is alleged that at the time of his death he was still the owner of and entitled to the easement through this grant. It is further alleged in the complaint that the defendant unlawfully and willfully invaded and took possession of the rights and privileges of the plaintiffs in the said easement by constructing a dam across the middle of the old millpond site located on the 30-acre tract of land, which deprives the plaintiffs of the use and enjoyment of their rights in the premises. The defendant denied generally the material allegations of the complaint, alleged title in himsef, abandonment of the easement by the paintiffs and their intestate, and set up other defenses. Upon trial, at the conclusion of the testimony offered by the plaintiffs, the trial Judge, upon motion by the defendant, granted a nonsuit upon the ground that the testimony was susceptible of only one reasonable inference, and that was that there was an abandonment of the easement by Michael A. Witt, through whom the plaintiffs claim. The appeal is from this order, and while there are six exceptions, they all relate substantially to the question of abandonment. Therefore our discussion of the appeal will be addressed to that issue.

There is a right serious question as to whether or not the predecessors of Michael A. Witt had not abandoned this easement prior to the date of the deed to him, but for the purposes of this discussion we have assumed that the right to the easement vested in him in 1901, and that it was inheritable.

At the time Michael A. Witt acquired by grant the right to the easement in question, in 1901, he and his family were living upon a farm 10 or 12 miles away from the 30-acre tract upon which was located the potential millpond and an old dam, which had long since fallen into disrepair. Immediately after his purchase he rented a farm about a mile and a half from the 30-acre tract and moved there with his family. It is conclusively shown by the record that no mill had been on this place for more than 40 years prior to the commencement of this action in 1932, nor had the pond or. dam been utilized for mill purposes during this period. Shortly after moving, he cut logs and transported them to the old mill site on or near the dam, with the purpose of using them as foundation sills upon which to erect a mill, and to that end dug out a mill pit. But through the years he took no further steps toward building a mill, repairing the old dam, or impounding the water. The foundation logs rotted where they lay, no use ever having been made of them by Michael A. Witt, or by any of the plaintiffs. The mill was never built, nor were any rights exercised under the grant by which he acquired the easement on this property. The testimony further shows that Michael A. Witt cleared up and cultivated about one acre of the millpond area upon which he planted corn and vegetables. He and his family remained on the rented farm for several years, after which they moved to the home of his father in the same vicinity, and it was there that he died in 1911.

The appellants claim no right, title, or interest in the premises described in the complaint, except the easement referred to. They contend that the evidence does not show conclusively an intention to abandon the easement, but that

it is susceptible of more than one inference, and for this reason the question should have been submitted to the jury for determination. They also insist that none of their rights to such easement have been lost by any inconsistent use thereof, but that the opposite can be inferred.

The evidence shows that one U. B. Jeffcoat acquired title to the 30-acre tract of land in 1915, planted a small portion of the millpond site, and thereafter lost it in a foreclosure sale in 1927. The defendant, Poole, purchased the tract at this foreclosure sale, obtained a deed therefor, and thereafter built a dam across the middle of the pond site for the impounding of water, and erected a mill thereon, which he has been operating ever since. It also appears that the State Highway Department, about the same time, constructed a paved highway across the property, which the plaintiffs admit in itself utterly destroys their easement, and prevents any use of the old dam and old mill site, upon which their easement is based. After the death of Michael A. Witt in 1911, the plaintiffs moved away from the vicinity of the 30-acre tract, and made their home on a place some 12 or 15 miles away.

That an easement may be lost by abandonment is a principle too well established to admit of argument.

The primary elements of abandonment are the intention to abandon and the external act by which the intention is carried into effect. The intention to abandon is considered the first and paramount inquiry. It is generally held that abandonment may arise from a single act or from a series of acts, and that time is not an essential element of abandonment, and is of no importance except as indicative of intention. 1 Am. Jur. Abandonment, § 8; 1 C. J. S. Abandonment, § 3a.

As in other cases involving the ascertainment of a particular intent, direct evidence of an intent to abandon property or rights of property is not required, but it may be inferred from all the facts and circumstances of the case which are competent to go to the

jury as evidence, by which that fact may be established. It may be inferred from the acts and conduct of the owner and the nature and situation of the property without the positive testimony of the owner in affirmation of the fact. However, to justify the conclusion that there has been an abandonment, there must be some clear and·unmistakable affirmative act or series of acts indicating a purpose to repudiate ownership. 1 Am. Jur. Abandonment, § 13.

The authorities are harmonious in holding, that mere nonuser of an easement created by deed for a period however long will not amount to an abandonment, except where otherwise provided by statute, or by the deed itself. There must be in addition other acts by the owner of the dominant estate conclusively manifesting, either a present intent to relinquish the easement, or a purpose inconsistent with its further existence. 19 C. J., Easements, § 151. It seems to be settled that a cesser of the use, coupled with any act clearly indicative of an intention to abandon the right, will have the same effect as an express release of the easement without any reference whatever to time which is not a necessary element in the question of abandonment. 19 C. J., § 153, and cases listed in the note.

The applicable rule is very clearly stated in 1 C. J. S. Abandonment, § 4b, where it is said: "An intention to abandon property or a right need not appear by express declaration, although it may be manifested thereby, but is ordinarily to be ascertained from the acts and conduct of the owner or holder. It may be inferred as a fact from the surrounding circumstances, and is shown by acts and conduct clearly inconsistent with any intention to retain and continue the use or ownership of the property or right. So, in determining whether property or a right was intended to be abandoned, it is proper to consider, and to give due weight to the nature of the property or right, and the conduct of the owner to it, and also the fact, where it is a fact, that at the time the question comes up for determination such property or right is being adversely used by another,

or others. Lapse of time, and nonuser, are likewise circumstances to be taken into consideration, even though neither of them is, in itself, an element or act of abandonment."

While the testimony discloses no declaration on the part of Michael A. Witt expressive of an intention to abandon his easement, we think the evidence conclusively shows abandonment by his acts and conduct, and may be inferred as a fact, not only from the surrounding circumstances, but is shown by his conduct, clearly inconsistent with any intention to retain his rights.

Use of an easement in a manner inconsistent with its beneficial use is often deemed some evidence of an intention to abandon. *New England, etc., Co. v. Everett Distilling Co.,* 189 Mass., 145, 75 N. E., 85.

When Michael A. Witt farmed the original pond area he was putting it to a use utterly inconsistent with the right to maintain a dam and impound water for mill purposes. As was said in *Taylor v. Hampton,* 4 McCord, 96, 17 Am. Dec. 710: "Indeed the part of the ground where the pond was, having been converted into a rice field furnishes additional evidence of an intention to abandon it as a mill pond."

The appellants cite several cases from our own reports to the effect that whether a party has abandoned his right to an easement is a question of fact and intention, proper for the decision of the jury. *Southern Ry. Carolina Div. v. Howell,* 89 S. C., 391, 71 S. E., 972, Ann. Cas., 1913-A, 1070; *Polson v. Ingram,* 22 S. C., 541; *Parkins v. Dunham,* 3 Strob., 224; *Lorick & Lowrance v. Southern R. Co.,* 87 S. C., 71, 68 S. E., 931.

Where, however, there is and can be no dispute about the facts, that is to say, where all the essential facts are admitted or indisputably proved, and the inferences to be drawn from them are free from doubt, and establish the fact of abandonment to the exclusion of any other reasonable inference, the question may be withdrawn from the jury, and abandonment be declared by the Court as a matter of law.

We think it is clear that in this case the evidence is susceptible of only one reasonable inference, and that is that Michael A. Witt abandoned the easement, and that the Circuit Judge was correct in so concluding as a matter of law.

The exceptions are overruled, and the judgment of the lower Court is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER, and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.