15444

ANDREWS v. McDADE

(21 S. E. (2d), 202)

*Mr. R. B. Paslay* and *Mr. R. B. Paslay, Jr.,* both of Spartanburg, counsel for appellant,

*Mr. Sam R. Watt* and *Mr. C. T. Drummond,* both of Spartanburg, counsel for respondent,

July 14, 1942.

*Per curiam.*

This action was commenced by appellant against respondent for the recovery of damages for an alleged unlawful and wilfull trespass by respondent upon the lands of appellant by constructing and using a driveway over the appellant's land. The respondent's defense consisted of a general denial. The cause was called for trial before the Honorable Philip H. Stoll and a jury at the January, 1941, term of the Court of Common Pleas for Spartanburg County.

At the close of appellant's testimony respondent moved for an order of nonsuit upon the ground of "a total failure of proof to support any of the allegations of the complaint." Judge Stoll, by a brief order, granted the motion upon the sole ground that "Where a road is abandoned * * * adjacent landowners of property own to the middle of the road * * * but that is inferior to the inherent right of the adjacent landowners to use the road."

The cause comes to this Court upon several exceptions, the first five of which either directly or indirectly will be disposed of by the answer to the following question:

Was there any evidence adduced by appellant from which it could be reasonably inferred that respondent has trespassed upon appellant's lands?

Exceptions Nos. Six and Seven impute error to the trial Judge in the exclusion of certain evidence.

The evidence of appellant shows that she is the owner of a tract of land situate in Spartanburg County which is bounded on the west by what is known as the old Goodjoin Road and which road separates the land of appellant from lands of respondent lying immediately to the west thereof; that a new highway has been constructed and that at some points there has been a relocation of the road, insofar as the roadbed of the old Goodjoin Road is concerned, the new highway at these points having been moved somewhat to the east of the old roadbed. Since the construction of the

new highway and the relocation of portions of the old road-bed the respondent has erected a new residence upon his land and he has also constructed a semi-circular private driveway for the purpose of access from his residence to the newly constructed highway. The evidence regarding the physical facts is far from clear but the basis of appellant's contention, in part at least, appears to be that for a distance of several feet at its southern end this driveway encroaches upon and crosses a strip of land owned by her and situate between the roadbed of the old Goodjoin Road and the new highway, as it has been relocated. She asks for damages for the alleged trespass and for a permanent injunction.

The first query confronting us, therefore, is whether at any point traversed by the respondent's driveway it crosses any portion of the land of appellant intervening between the old road and the new highway, as it has been relocated.

Since under the view we take from a careful analysis of the appeal record the case must be remanded for a new trial, we will refrain from a detailed discussion of the evidence. It is sufficient to say, only, that on the particular point to which we have just adverted the evidence of appellant is conflicting and that this question should have been submitted to the jury. As this Court has held in innumerable cases the facts must be determined from the evidence and where more than one reasonable inference may be drawn from all the evidence the issue then rests within the exclusive province of the jury. And this is so even though, as in this case, the testimony on behalf of the appellant is contradictory.

Two different problems arise in connection with the ruling made by the lower Court at the close of appellant's testimony. In one of its aspects the problem involves a fact question. The other presents a question of law. The trial Judge, in granting respondent's motion for a nonsuit, held that the respondent had an easement in the entire roadbed of the "abandoned" road. Therein lies the two-fold error.

As to the question of abandonment, we think the ■■ evidence was conflicting and that the jury should therefore have been required to settle that issue upon the basis of the facts to be determined by them from all the evidence. In that connection the sixth exception, assigning error in the exclusion of the testimony of the witness, Brockman, is sustained. The question of abandonment is largely a question of intention and must be determined from all the surrounding facts and circumstances under appropriate instructions from the Court.

The legal conclusion embodied in the aforesaid ruling ■■ is in part likewise erroneous in that it is contrary to the great weight of authority on that point. It is well settled, as the trial Judge correctly held, that in the event of the abandonment of a public highway, title thereto to the center of the road remains vested in the abutting property owners on either side, but it is equally clear that any easement thereto existing in the remaining one-half of the highway is thereby extinguished. This principle finds support in many respectable authorities of which the following are typical examples:

"That an easement may be lost by abandonment is a principle too well established to admit of argument. Whether a party has abandoned his right to an easement is a question of fact and intention proper for the decision of a jury. *Parkins v. Dunham*, 3 Strob., 224; *Lorick v. Ry.*, 87 S. C., 71, 68 S. E., 931, and cases cited. * * *" *Southern Ry. v. Howell*, 89 S. C., 391, 71 S. E., 972, 973, Ann. Cas. 1913-A, 1070.

"As to real property, the general rule is that where the state has passed a perfect legal title, the doctrine of abandonment is not applicable thereto, and that the title vested in the grantee cannot be affected or transferred by his act in departing from the land and leaving it unoccupied or otherwise ceasing to exercise dominion over it. If the title is perfect and complete, the mode by which the particular in-

dividual acquired it is not material as regards the matter of abandonment by him. * * * However, where a title is merely inchoate and dependent for its consummation on continued occupancy by the claimant, as in the case of settlers under the public land laws, the right to acquire a complete title may be lost by abandonment. * * *

"Easements, franchises, and other incorporeal hereditaments may be lost by abandonment. * * *." 1 Am. Jur., pages 5, 6.

"At common law, while an incorporeal hereditament may be lost by abandonment, the principle is firmly established that perfect legal title to a corporeal hereditament cannot be abandoned, or lost by abandonment, operating alone, and disassociated from other acts or circumstances; and so it is frequently said that, so far as land is concerned, there can be an abandonment only in a case where the title is imperfect, or less than absolute. The doctrine of abandonment has, therefore, no application to a fee simple; but inchoate rights and equitable rights in land may be abandoned, and so may mere possessory rights, and rights acquired by user. Public, as well as private, rights are, it seems, within these rules, and subject to abandonment the same as any others." 1 C. J. S., Abandonment, § 5, pages 13, 14.

See, also the well-considered opinion of the Supreme Court of Georgia in the case of *Tietjen v. Meldrim et al.,* 169 Ga., 678, 151 S. E., 349, 359, wherein it is said:

"The most important question in this case is whether the right of way over the streets in this subdivision, acquired by the purchasers of these lots from the owners thereof, can be lost by abandonment; if so, under what circumstances will such abandonment arise; and in case of abandonment, to whom does the abandoned estate revert? When the owner of these lands laid them out into streets and lots which were designated by numbers on a map or plat, and sold the lots by such numbers and as bounded by such streets, expressly referring in the deeds conveying the lots to these streets as boundaries, the purchasers acquired rights of way over the

streets so laid off. [Citing authorities.] In these circumstances the purchasers and those claiming under them acquired the right of way over these streets as appurtenant to the lots purchased and so conveyed to them.

"These purchasers having thus acquired the right to pass over these streets, as one appurtenant to their lots, can their right or title to the use of these thoroughfares be lost by abandonment? At common law a perfect legal title to a corporeal hereditament cannot be lost by abandonment. 1 C. J., 10, § 14-C. This principle has been declared by this court. It has been announced by this court in a number of cases that title to land cannot be lost by the holder thereof by abandonment. [Citing authorities.] Is this principle applicable to rights of way acquired by grant by purchasers of lots in this subdivision, and in the manner set forth above? As lots in this subdivision were sold, and the purchasers got their deeds thereto, the purchasers acquired title to the lots and the rights of way over these streets as appurtenant thereto. The fee in the land embraced in the streets became vested in the owners of the abutting lots to the middle of the street, subject to the rights of way over the same in favor of the purchasers of the lots in this subdivision, for the purposes of ingress and egress to and from their lots. [Citing authorities.] These purchasers acquired a clear title to their lots, a complete right to the rights of way in and over these streets as appurtenant to their lots, and title in fee in one-half of the soil embraced in the streets adjoining their lots.

"But these rights of way or easements are incorporeal hereditaments appurtenant to these lots. As to abandonment there is a distinction between corporeal and incorporeal hereditaments. We have seen that the former cannot be lost by abandonment; but the latter may be extinguished under certain circumstances. This distinction was recognized in *Tarver v. Deppen, supra.* As we have stated in the second division of this opinion, an easement of way, acquired by

grant, will not be lost by nonuser for any length of time, unless there is clear and unequivocal evidence of an intention to abandon it. *' * *."

The only instance in which the foregoing rule would be held to be inapplicable would be in a case in which the facts would require that the rule give way to the paramount right of necessity. No such facts exist in this case.

By Exception No. Seven the appellant charges that the trial Judge was in error in striking out the testimony of J. A. Revan relating to a conversation which the witness had with the appellant and her husband. The theory upon which the appellant contended that this evidence was competent and admissible was apparently that the witness, Revan, was the agent of the respondent and although the record on the point is none too clear, his Honor, in excluding the testimony objected to, seems to have based his ruling upon the absence of competent evidence tending to show the existence of the relationship of principal and agent between the witness and respondent. It is well settled that proof of agency may not be shown by the statement of the alleged agent, alone, and that unless such statement is coupled with additional evidence tending to show the existence of the relationship it is not admissible. It is clear, therefore, that there was no error on the part of the trial Judge in excluding the evidence objected to and Exception No. Seven is therefore overruled.

It is therefore the judgment of this Court that the judgment of the Circuit Court be reversed and that the cause be and it is hereby remanded to the Court of Common Pleas for Spartanburg County for a new trial.

Mr. Chief Justice Bonham, Messrs. Associate Justices Baker, Fishburne and Stukes, and Circuit Judge G. B. Greene, Acting Associate Justice, concur.