1409

SALUDA MOTOR LINES, INC., Appellant v. Jean E. CROUCH, Respondent.

(386 S. E. (2d) 290)

Court of Appeals

*Wyatt Saunders,* Laurens, *for appellant.*

*Malissa M. Burnette,* Columbia, and *C. David Sawyer, Jr.,* Saluda, *for respondent.*

Heard Oct. 11, 1989.

Decided Nov. 6, 1989.

LITTLEJOHN, Judge:

Saluda Motor Lines, Inc., Plaintiff-Appellant (Motor Lines) commenced this action against Jean E. Crouch, Defendant-Respondent (Crouch) charging Crouch with trespassing on land over which Motor Lines alleges it has a right-of-way for the purpose of operating a railroad. Crouch answered the complaint alleging that the easement for railroad purposes had been abandoned. The trial judge granted Crouch a summary judgment holding that such easement as the railroad company and Motor Lines claim had been aban-

doned. In so ruling the judge held as permitted under Rule 56 of the South Carolina Rules of Civil Procedure that there was no genuine issue of fact to be determined in a trial. Motor Lines appeals; we affirm.

The basic issue upon which this appeal must be determined is whether a genuine issue of material fact bearing upon the question of Motor Lines' abandonment was submitted to the court. The other contention of error relates to an evidentiary matter which is not relevant to the prime issue.

In 1912 Augusta Northern Railway procured a right-of-way one hundred feet wide from Saluda to Ward, South Carolina, and built a railroad some twelve miles long. In 1941 the railroad company ceased to operate and the tracks were removed from the easement properties. In 1942 the railway company conveyed to Saluda Motor Lines, Inc. several assets including its right-of-way over lands between Saluda and Ward, including that owned by Crouch today. Crouch owns an uncontested fee simple interest in the land subject only to the claimed easement of Motor Lines.

Saluda Motor Lines, Inc. is a corporation whose stock is owned by Louise Blackwell and James Blackwell. It is a private corporation with no authority to build, maintain or operate a railroad. It is beyond contest that no railroad activity has been conducted along the easement property since 1941. Harvestable timber has grown up on the right-of-way.

There were before the judge several affidavits together with the oral testimony of Louise Blackwell and Jean E. Crouch.

Over the years Motor Lines has been selling such right-of-way easement as it owned. The trial judge's findings relative thereto is not challenged. We quote:

> A series of seventeen (17) deeds was presented which indicates the Plaintiff [Motor Lines] no longer owns a continuous right-of-way, if ever it did, between Saluda and Ward, South Carolina. These deeds are dated from October 26, 1976 through July 27, 1984. They convey strips of land being 100 feet in width with a total distance of 25,182.87 feet to various Grantees. All of the deeds recite a consideration and Saluda Motor Lines, Inc. is the common Grantor. The deeds carry a total

consideration of Fourteen Thousand Six Hundred Sixty Eight and 73/100 ($14,668.73) Dollars. This distance conveyed totals 4.769 miles of former right-of-way that has been sold to various parties by the Plaintiff.

Summary judgment may only be properly granted if there is no genuine issue of fact to be determined upon a trial. The relief granted by way of summary judgment is similar to that granted by a directed verdict at the end of evidence presented at a trial on the merits. In each instance the moving party prevails as a matter of law. Summary judgment speaks in terms of "genuine issue of fact" while a directed verdict speaks in terms of "the only reasonable inference." It is not sufficient that a mere inference be created as relates to either motion. The issue as relates to a summary judgment must be genuine, and as relates to a directed verdict must be reasonable. It is not sufficient that evidence create a farfetched inference.

Either motion should be granted or denied based on the whole of the evidence, and in making the determination the judge should not select any one morsel of testimony and attach significance to it unless it be genuine or reasonable. *Witt v. Poole*, 182 S. C. 110, 188 S. E. 496 (1937).

To deny the motion under the facts of this case, the judge would have been required to attach unusual significance to the self-serving speculations of Louise Blackwell, one of the two owners of the corporate stock of Motor Lines. Her testimony approaches the frivolous in the light of the lapse of time, non-user, cessation of railroad operations and sale of land necessary to build a railroad. While she denied intent to abandon, she testified as follows:

Q. But you have no intention today, Saluda Motor Lines has no intention today of putting railroad tracks between Saluda and Ward?
A. I have a thought in my mind that, if this materializes, that a railroad line could go through this particular property for recreational purposes.

\* \* \* \* \* \*

THE COURT: Do you also know that the right of way does not grant a right to have a caboose or any other

permanent structure affixed to the land for the purpose of entertainment making it available to the public who might want to go there and have entertainment? MRS. BLACKWELL: Would it restrict the type of railroad? Could it not be a railroad kind of like the Tootsie Railroad in the mountains? It didn't say specifically what kind, that it had to be a commercial railroad.

The conduct of the Motor Lines has been utterly inconsistent with intent to use the property involved for railroad purposes. Mrs. Blackwell, one of the stockholders of Motor Lines, may not, under the circumstances of this case, bootstrap herself into a genuine issue of material fact.

In so holding, we are not unmindful of the fact that upon a motion for summary judgment the court may not judge the credibility of the witnesses nor are we unmindful of the fact that lapse of time and nonuser alone is not sufficient to establish abandonment. These are, however, elements to be considered. *Southern Silica Mining & Manufacturing Co. v. Hoefer,* 215 S. C. 480, 56 S. E. (2d) 321 (1949); *Billings v. McDaniel,* 217 S. C. 261, 60 S. E. (2d) 592 (1950).

We are mindful of the rule as stated in 73 Am. Jur. (2d) Summary Judgment § 27:

> To justify departure from the course of the trial of an issue of fact and the award of summary judgment, the court must be convinced that the issue is not genuine but feigned and that there is in truth nothing to be tried. The rule authorizing summary judgment would serve no useful purpose if frivolous proofs were held to create a triable issue. The question on a motion for summary judgment is whether there is anything of substance to be tried. Therefore, it is incumbent upon the court to search the proof as proffered by affidavits or otherwise, to ascertain whether it discloses a real issue, rather than a formal, perfunctory, or shadowy one. The fact that there is a factual dispute is not enough to preclude a summary judgment. The issue must be one which the defendant is entitled to litigate. . . .

In order to use the right-of-way here involved, Motor Lines would have to form a railroad corporation, procure the right to operate a railroad, and reacquire seventeen parcels of real estate already sold. In this day when it is common knowledge that railroads are being abandoned and not built, the contention of Motor Lines is farfetched, and we hold that the trial judge properly granted summary judgment.

Motor Lines excepts to the admission of testimony relative to payment of taxes. With or without this evidence, the result would be the same.

Affirmed.

GARDNER and GOOLSBY, JJ., concur.