**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

John S. Frick, Appellant,

v.

Keith Fulmer, Eleanor F. Bush, Benny A. Bush, Joseph R. Childers, S.C. Electric & Gas, Newberry County, Justin Chadwick, and Victoria Chadwick, Respondents.

Appellate Case No. 2014-001472

———————

Appeal From Newberry County
Frank R. Addy, Jr., Circuit Court Judge,

———————

Unpublished Opinion No. 2016-UP-069
Heard February 1, 2016 – Filed February 17, 2016

———————

**AFFIRMED**

———————

William Chadwick Jenkins, of Pope & Hudgens, P.A., of Newberry, for Appellant.

William H. Edwards, of Moore Taylor Law Firm, P.A., of West Columbia, and Rudolph C. Barnes, Jr., of Little Mountain, for Respondent Keith Fulmer; Austin J. Tothacer, Jr., of Newberry, for Respondent Newberry County; and Jay Evan Bressler, of Cayce, for Respondent S.C. Electric and Gas.

**PER CURIAM:**  John Frick appeals the circuit court's order finding the roadway under dispute was an easement rather than a county road, Respondents were entitled to use a locked gate to the roadway as long as Frick was provided access, and the roadway was fourteen feet wide.  We affirm.

1.    We disagree with Frick's argument the circuit court erred in finding the disputed roadway was not a public road.  *See Andrews v. McDade*, 201 S.C. 24, 28, 21 S.E.2d 202, 204 (1942) ("The question of abandonment is largely a question of intention and must be determined from all the surrounding facts and circumstances under appropriate instructions from the court."); *K & A Acquisition Grp., LLC v. Island Pointe, LLC*, 383 S.C. 563, 577, 682 S.E.2d 252, 259 (2009) (stating abandonment occurs when use of property becomes impossible or fails); *id.* at 576, 682 S.E.2d at 259 (providing discontinuance of a road may be evidence of abandonment); *Hoogenboom v. City of Beaufort*, 315 S.C. 306, 319 n.7, 433 S.E.2d 875, 884 n. 7 (Ct. App. 1992) (stating abandonment must be proved by acts showing a clear intent to abandon).  The flooding of Lake Murray ended the intended use of the roadway under dispute.  It was no longer maintained by the county and became an easement shared by the landowners along the roadway. We agree with the circuit court the roadway was no longer a public road.

2.    We disagree with Frick's argument the circuit court erred in finding the landowners were entitled to maintain a locked gate across the roadway.  *See Judy v. Kennedy*, 398 S.C. 471, 476, 728 S.E.2d 484, 486-87 (Ct. App. 2012) (providing whether a locked gate is justified over a right of way depends on each case and is controlled by the particular facts and circumstances); *Andrews*, 201 S.C. at 28, 21 S.E.2d at 204 (finding that in the abandonment of a public road, title to the center of the road remains vested in the abutting property owners on either side).  Although Frick may have been inconvenienced by the locked gate, the landowners always supplied him with a means of access.  We find the circuit court correctly determined the landowners were entitled to maintain a locked gate across the roadway.

3.    We find no error in the circuit court's decision the roadway was fourteen feet wide.  *See Rhett v. Gray*, 401 S.C. 478, 493, 736 S.E.2d 873, 881(Ct. App. 2012) (stating an easement owner cannot increase the easement and the burden on the servient estate).  Although the width varied along the roadway, we find the circuit court was correct in its decision.

**AFFIRMED.**

**HUFF, A.C.J., KONDUROS, and GEATHERS, JJ., concur.**