### McKENZIE v. SIFFORD.

PLEADING—PRACTICE—RELIEF—INSTRUMENT.—The Court of Common Pleas has the right to declare null and void, and to order the cancellation of, an instrument introduced in evidence for the purpose alone of sustaining an issue in the case, although such order was not in the original scope of the action.

Before BENET, J., Yorkville, September, 1895. Affirmed.

The facts are fully stated in the following extracts of the Circuit decree:

This action came on for a hearing before me at the April

term, 1895, for York County, upon the pleadings and the testimony taken before me in open Court. Briefly stated, the allegations of the complaint were: That the defendant, J. Stanhope Starnes, was the bastard son of Jos. Stanhope Mc-Kenzie, deceased, by a white woman named Ella J. Starnes; that by his last will and testament the said McKenzie had devised and bequeathed to his said bastard son the one-fourth part of the net value of his estate, both real and personal; that in addition to said devise and bequest, and in direct violation of the bastardy act (sec. 1887, Gen. Stats. of A. D. 1893), and to defeat and evade the provisions of said act, the said McKenzie had in his lifetime conveyed to the defendants, Isaac A. Bigger and Lawson K. Armstrong, in secret trust, for the use and benefit of the said bastard child and his mother, a note and mortgage, executed by one J. Lee Barnett to the said McKenzie, for $1,450; that a few days before his death the said McKenzie gave the said mother of his bastard child the sum of $185, for the use and benefit of herself and the bastard child, in violation of the said bastardy act. And the complaint seeks to enjoin McKenzie's executors perpetually from paying to Bigger and Armstrong, as guardians of the bastard child, the one-fourth part of the net value of the estate of their testator, until they shall have first deducted from it the whole amount of cash advanced and of notes and mortgages assigned and delivered by the said McKenzie in trust for the use and benefit of the said bastard child and his mother Ella, including the above mentioned $185.

The defendants, Bigger and Armstrong, appointed guardians of the bastary boy by the will of McKenzie, had never qualified as such, and at the trial Thomas F. McDow, Esq., was appointed guardian *ad litem*, the said child being under four years of age. Mr. McDow appeared for him and defended the action. The defendants, Bigger and Armstrong, filed a joint answer, in which Bigger admitted that a short time before McKenzie's death the deceased had transferred to him (Bigger) the note or bond of J. Lee Barnett, upon

which was then due something over $1,000; and that he held said note or bond for collection and for the use and benefit of the said bastard child, and for no other purpose. This joint answer of Bigger and Armstrong, however, raised the following two issues, viz: (1) That the said McKenzie was not the father of the said bastard child, nor could have been from sterility and impotence caused by disease; and, (2) That by an alleged indenture of settlement and separation, dated 13th June, 1891, entered into by McKenzie and the plaintiff, his wife, she (the plaintiff) was estopped from making any demands upon the estate of McKenzie.

The answer of McDow, as guardian *ad litem* of the illegitimate child, and of Sifford and Hart, McKenzie's executors, were mainly formal; but they adopted so much of the answer of Bigger and Armstrong as raised the two issues above set forth. And the executors admitted in their answer that they had received $170, which they understood had been taken from the said Ella Starnes; but they denied having knowledge or information sufficient to form a belief as to whether that money had been given to Ella by McKenzie for her own use, and averred that they held it as part of their testator's estate.

Replying to these answers, the plaintiff denies that she had ever executed an indenture of settlement and separation with her husband, the deceased McKenzie, but she admitted that a paper, purporting to be such an indenture, was executed between herself and her husband, but that it was executed without any consideration whatsoever moving from her husband to herself; that he was at the time in possession of her entire separate estate, the same having come into his hands by reason of his former relation to her of guardian, as well as by reason of the relation of husband and wife. She further alleged in her reply, that the value of her separate estate in her husband's possession at that time was at least $3,000; whereas, by the terms of the alleged indenture, she was to receive a sum of money less than the amount which was justly due her by her husband on account of her sepa-

rate estate. By way of avoidance, therefore, the plaintiff alleged in her reply: (1) That the alleged indenture, as to her, was absolutely without consideration, and *nudum pactum.* (2) That at the date of its execution she was a married woman, the wife of the said McKenzie, and as such was without legal power or capacity to enter into such a covenant; that said covenant did not affect her separate estate; nor was it made with reference to it nor for its benefit; nor was any intention to convey or charge her separate estate declared or set forth in such alleged indenture. (3) That before the date of said indenture, 13th June, 1891, her said husband had driven her from his home; that although in possession of her entire separate estate, he had refused to make any provision for her support, thus forcing her to live upon the charity of her kinsfolk, until she felt constrained to sign the alleged indenture to procure the ordinary necessaries of life. * * *

The next issue raised by the answers of the defendants is: By the indenture of settlement and separation of 13th June, 1891, is the plaintiff, Jane C. McKenzie, estopped from making any further claim against her husband's estate?

The indenture is as follows: South Carolina, York County. This indenture by and between Joseph S. McKenzie, husband, and Jane C. McKenzie, his wife, witnesseth: That whereas the said Jane C. McKenzie, for divers reasons which she deems sufficient, desires to live separate and apart from the said Joseph S. McKenzie; and whereas the said Joseph S. McKenzie, upon the request of the said Jane C. McKenzie, and for the consideration hereinafter stated, has returned to the said Jane C. McKenzie all moneys and other property that came into his hands by reason of the relation of husband and wife, or by reason of his prior relation as guardian of the estate of the said Jane C. McKenzie, and has also paid over to the said Jane C. McKenzie other moneys, aggregating about $1,000, over and above the principal sums received by him on account of the estate of the said Jane C. McKenzie: Be it known that we, the said Joseph S. McKenzie and the said Jane C. McKenzie, hus-

band and wife, at present living separate and apart from
each other, do hereby, each for himself and herself, renounce
and release unto the other all claim for any further account
of or for any other moneys or property to be paid or deliv-
ered by one to the other, either by way of support, main-
tenance, alimony or in any other manner of claim, either
at law or in equity, solemnly and forever. In faith whereof,
witness our hands and seals, this 13th day of June, 1891.
Then follow the signatures and seals and the attestation of
witnesses.

It is urged by defendant's counsel that the plaintiff is
estopped by this indenture from making the claim set up
in her complaint. It is urged for the plaintiff, with refer-
ence to this indenture, (1) that it was as to her a *nudum
pactum*, wholly without consideration; (2) that as a married
woman at the date of its execution she could not legally
make such a contract; that it did not affect her separate
estate, nor was it for the benefit of such estate, nor was any
intention to convey or charge such estate set forth in the
indenture; and (3) that she signed the indenture under du-
ress of property.

First, then, was the indenture as to plaintiff without con-
sideration, and *nudum pactum?* The testimony shows that
at the date of its execution McKenzie was indebted to his
wife in the sum of $3,113; and, also, it must be held, in the
further sum of $730 for rents received by him from her 200
acres of land. He had admitted that he had so ear-marked
each investment he had made of his wife's money that he
could at any time ascertain the exact amount of her sepa-
rate estate, increased by interest. It is evident that, for far
less than the amount due her by her husband on her money
and interest alone, this unhappy and ill-used wife, in order
to recover only a part of her own separate estate, which her
husband was bound in law to restore to her in full, was re-
quired to renounce and release unto him, a man of large
means, all claims for any support, or any other claim, sol-
emnly and forever. The statement of facts show clearly

that, as to the plaintiff, the indenture was entirely without consideration, a naked agreement, and as such it can neither bind nor estop Jane C. McKenzie. The cases of *Reeder & Davis* v. *Flinn*, 6 S. C., 240, and *McLure* v. *Lancaster*, 24 S. C., 282, cited by counsel for the defendants, are not, in my opinion, applicable, in view of the facts established in this case. The principle declared by those cases is, that "where a wife permits her husband to manage her separate estate for a number of years, and to dispose of the income as he sees fit, equity treats it as a gift;" and "that a wife, by negligence or acquiescence, may forfeit her right to equities against her husband which otherwise might have been asserted."

It is enough to say that these principles of law, correct in themselves, are not applicable to the facts of this case. Legal principles and facts in evidence are like the warp and woof which, under the hands of the weaver, skillfully plying loom and shuttle, produce the finished fabric. Cloth is not made out of warp or woof alone. The facts in this case and the doctrines quoted above cannot be woven together, for the testimony effectually rebuts the presumption of an express gift by the plaintiff to her husband of the interest of her money or the rents of her lands; and it as completely rebuts the presumption of an implied gift by reason of negligence or acquiescence. It shows that McKenzie had repeatedly declared, before his wife left his house, that he was the agent of his wife, entrusted as such with the management of her entire separate estate; and that he had never used the income or the rents for his own purpose, or even in the common support of his wife and himself. Indeed, on the very day of the separation, he declared that he was ready to return, and would return to his wife, "all of her property, with interest, too." This assurance he gave to Mrs. Tate, his wife's mother. It is plain that, not until after the unfortunate, but not surprising, separation, did McKenzie conceive the idea, not only of depriving his wife of any share in his own estate, but

also of withholding from her a very large part of her own separate estate. A court of equity may not lend its aid to such a scheme. The plaintiff's plea, therefore, that the indenture of settlement and separation was, as to her, without consideration, and *nudum pactum*, must be sustained. * * *

It is further ordered, adjudged, and decreed, that the alleged indenture of separation and settlement, entered into by and between the said Jane C. McKenzie, plaintiff, and the said Joseph Stanhope McKenzie, deceased, on 13th June, 1891, be, and the same is hereby, declared to be null and void and of none effect; and it is ordered, that the said indenture be forthwith surrendered and delivered to the clerk of the court for the county of York, to be by him marked cancelled.

From this decree the executors appeal.

*Mr. Geo. W. S. Hart*, for appellants.

*Mr. Wm. B. McCaw*, contra.

Jan. 3, 1896. The opinion of the Court was delivered by

Mr. Justice Gary. The facts in this case will appear by reference to the decree of his Honor, Judge Benet.

The executors of Joseph S. McKenzie appeal from said judgment upon only one exception, alleging that it was "error (under the pleadings and issues thereby made) in adjudging the indenture to be void, and in ordering the same to be delivered to the clerk of the court for cancellation, the relief thus given, not only not having been asked for, but not being within the scope of the action, and the order of the Court thus furnishing the executors no protection whatever, in surrendering the said paper."

Under the practice prevailing in this State before the adoption of the Code of Procedure, even in a *law* case, the Court had the right, when an instrument of writing was introduced in evidence, although it was not mentioned in the pleadings, to declare it null and void, in so far as that

action was concerned. In the case of *Maddox* v. *Williamson*, 1 Strob. L., 23, the Court says: "An assignment, no more than a deed, can, in a court of law, be set aside and cancelled; but when either deed or assignment comes into question in an issue here, it will, if fraudulent and void, be, for the purposes of that issue, regarded as a nullity. Section 3, art. V., of the Constitution of South Carolina, provides: "That justice may be administerrd in a uniform mode of pleading, without distinction between law and equity, they (the General Assembly) shall provide for abolishing the distinct forms of action, and for that purpose shall appoint some suitable person or persons, whose duty it shall be to revise, modify, and abridge the rules, practice, pleadings, and forms of the Courts now in use in this State." In pursuance of this constitutional requirement, the legislature adopted the Code of Procedure, under whose liberal provisions both legal and equitable issues may be decided in one action. We do not see, therefore, why the Court below did not have the right to declare the indenture null and void, and also to decree its cancellation. It seems to us that, after the Court declared the indenture null and void (which it unquestionably had the right to do), a mere abstract qustion is raised, as to its right to decree that it should be cancelled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.