6788

KENNEDY v. HILL.

1. PLEADINGS—REPLY.—The provisions of the Code by which the defendant may obtain a reply to his answer are intended to enable the defendant to obtain notice of the facts on which plaintiff relies to defeat his defense by way of avoidance. Such facts can only be used for defeating such defense, and not for affirmative relief.
2. IBID.—AMENDMENTS previous to the trial are liberally allowed.

Before DANTZLER, J., York, April, 1907, and GAGE, J., July, 1907. Affirmed.

Action by Charles L. Kennedy and Porter B. Kennedy, late members of the firm of Hill, Kennedy & Co., against W. L. Hill. From order of Judge Dantzler refusing to strike out reply and from order of Judge Gage permitting an amendment to the complaint, defendant appeals.

*Messrs. George W. S. Hart* and *Witherspoon & Spencers,* for appellant. *Mr. Hart* cites: *The amendment was improperly allowed:* 18 S. C., 305; 21 S. C., 241, 25; 24 S. C.,

476; 26 S. C., 423; 27 S. C., 95; 28 S. C., 287; 47 S. C., 499; 50 S. C., 398; 56 S. C., 90; 74 S. C., 243.

*Witherspoon & Spencers* cite: *Reply should not have been allowed:* Code of Proc., 174; 22 S. C., 128; 38 S. C., 210; 54 S. C., 80; 56 S. C., 313; 76 S. C., 493. *Error to permit oral matter to be pleaded as amendment to amended complaint:* 66 S. C., 16; 61 S. C., 336; 76 S. C., 493; 70 S. C., 8.

*Messrs. Finley & Jennings* and *Wm. B. McCaw,* contra.

March 4, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appeal herein is from two orders. We will first consider the exceptions assigning error on the part of his Honor, Judge Dantzler, in refusing to strike out the entire reply, and likewise in refusing to strike out certain portions thereof, on motion of the defendant's attorneys.

Section 174 of the Code provides that "in all cases, where an answer contains new matter, constituting a defense by way of avoidance, the Court may, in its discretion, on the defendant's motion, require a reply to such new matter."

It will thus be seen that the provisions of the Code requiring a reply to a defence by way of avoidance was intended for the benefit of the defendant, by giving him notice of the facts upon which the plaintiff relied. Such facts can only be used for the purpose of defeating the defense interposed by way of avoidance, and not as the foundation for affirmative relief.

The appellant has failed to show this Court that he was prejudiced by said reply.

Furthermore, Section 176 of the Code provides that "if a reply of the plaintiff to any defense set up by the answer of the defendant be insufficient, the defendant may demur

thereto, and shall state the grounds thereof," but the appel-lant failed to pursue this remedy.

The exceptions raising this question are overruled.

The next question for consideration is whether there was error on the part of his Honor, Judge Gage, in permitting certain amendments to the complaint.

Section 194 of the Code is as follows: "The Court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of a party, or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

When the amendment is made at or after the trial it must not change substantially the claim or defense.

But when it is made before that time, greater liberality is allowed, and the only limitation is that it must be in furtherance of justice, by adding or striking out the name of a party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case. *Jennings* v. *Parr,* 54 S. C., 109, 32 S. E., 73.

The appellant had failed to satisfy the Court that the amendments were not in furtherance of justice, and the exceptions raising the question are, also, overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.