7519

### CRAIG MILLING CO. v. CROMER.

1. Pleadings—Reply.—It is not necessary to reply to an answer not setting up a counterclaim.

2. Witness—Cross Examination.—Where it is alleged in the complaint that the property sued for is situate in a certain building, the allegation referring to the description in the contract, and the plaintiff who verifies the complaint testifies it is partly in that building and partly not, the discrepancy is immaterial and it is not error to rule out question seeking to ascertain which statement is correct.

3. EVIDENCE.—A catalogue of machinery repairs properly excluded here as it was not properly proved and not relevant to any issue raised in the pleadings.

Before C. C. FEATHERSTONE, Special Judge, Greenwood, April Term, 1909.   Affirmed.

Action by Craig Milling Co. against T. T. Cromer.   From judgment for plaintiff, defendant appeals.

*Mr. T. T. Cromer* appears for himself.

*Messrs. Grier and Park,* contra.

March 25, 1910.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   The complaint alleges, in substance, that on October 26, 1907, plaintiff and defendant entered into a written contract, whereby plaintiff sold defendant an engine and boiler and certain mill machinery, consisting principally of a roller-mill outfit, together with the shafts, pulleys, belting and elevators, described therein as "situate in the mill building of the Craig Milling Company," for twelve hundred dollars, which was to be paid— five hundred dollars cash, or by notes secured by warehouse receipts for cotton stored, and the balance in one year from date, secured by chattel mortgage of the property sold; and that the contract further provided that defendant should have the right to remove the property, on payment of the five hundred dollars cash installment, but that, as soon as removed, and within sixty days from date thereof, he should execute the note and mortgage for balance, the title to the property, in the meantime, to remain in the plaintiff; that on February 20, 1908, defendant paid plaintiff four hundred and sixty dollars and secured forty dollars by a warehouse receipt for cotton stored, and removed the boiler, engine,

one leather belt and one pair of scales, "all of which," the complaint alleges, "were delivered to him under the terms and conditions of the said contract, although the pair of Fairbanks scales was not specifically mentioned in said contract;" that the balance of the machinery was still in plaintiff's possession; that more than sixty days had elapsed, and defendant had refused, after demand, to execute the note and mortgage, or to pay the balance which was then due; that plaintiff had title to the property so removed, and had demanded of defendant the possession thereof, which had been refused, and prayed judgment for the recovery thereof or its value.

The answer was as follows: "1. The defendant denies each and every allegation of the complaint, except as herein specifically admitted. 2. The defendant did buy one engine and boiler from the Craig Milling Co., for which he was to pay five hundred dollars in thirty days, or deliver to the plaintiff cotton warehouse receipts to the full amount, as collateral, and allow the plaintiff to hold the same until the price of cotton reached a satisfactory price to the defendant. The defendant afterwards sold most of the cotton, and paid to plaintiff all of the five hundred dollars, except forty dollars, and that the defendant is still indebted to plaintiff in the sum of forty dollars. 3. After buying the engine and boiler, the defendant did agree to buy from plaintiff one roller-mill outfit for seven hundred dollars on credit, and to give to the plaintiff a mortgage (after the plaintiff had paid the five hundred dollars as above stated, and moved the roller-mill) on the engine and boiler and roller-mill to secure the seven hundred dollars, and that the defendant has not executed the mortgage, nor moved the roller-mill. 4. That said roller-mill was represented to the defendant by the plaintiff to be in good condition with the exception of needing not more than one hundred dollars' worth of repairs, and that the defendant believes from reliable information that all necessary repairs cannot be done for less than five

hundred dollars.    5. That afterwards the plaintiff agreed to release the defendant; provided, the defendant would get up a stock company to buy the said roller-mill and allow it to remain where it now is.    Whereupon, the defendant did get the necessary names, and amount verbally agreed upon, and reported the same to plaintiff.    The plaintiff then got his attorney to draw up a written agreement, and had the defendant to go and see the parties who had agreed verbally, and get them to sign the written agreement, which some of them refused to do, saying they had decided not to go into it.    Wherefore, the defendant prays that he be released from any and all contracts except that the defendant is due the plaintiff the sum of forty dollars, due on the above engine and boiler, and without cost in this action."

Plaintiff served no reply to the answer, and defendant moved for judgment on "the new matter" set up in the answer.    The motion was overruled, and this ruling is questioned by the first exception.

The Code (section 174) does not require a reply to be served except "when the answer contains new matter, *constituting a counterclaim."*    The Court may, however, in its discretion, on motion of defendant, require a reply to new matter, constituting a defense by way of avoidance.    The most casual reading of the answer shows that it did not set up a counterclaim, and, therefore, no reply was necessary.

As stated above, the contract described the property as being "situate in the mill building of the Craig Milling Company."    In setting out the substance of the contract in the complaint, which was verified by N. A. Craig, president of the plaintiff company, the property is also described as being "situate in the mill building of the Craig Milling Company," referring, of course, to the description in the contract, which gave the situation of the property at the time of the making of the contract.    The complaint also alleges, in the third paragraph, that the property therein described and herein sued for had been removed

by defendant.    On cross-examination of Mr. Craig, defendant stated to him that he had sworn in his complaint, on the 30th of December, 1908, that the property was "in the mill building," and now that some of it had been removed, and asked him which statement was true.    The presiding Judge and plaintiff's attorney tried to explain to defendant that the discrepancy was only apparent and not real; but defendant complains that the Judge erred in not making the witness answer the question.    It is apparent that there was no real discrepancy in the two satements.    The matter was, therefore, immaterial.

In support of the allegation of his answer that the repairs to the machinery would cost five hundred dollars instead of one hundred dollars, as represented to him by the plaintiff (though Mr. Craig denied making any such representation), the defendant offered to introduce in evidence the catalogue and price list of a reliable concern, which sells supplies for such repairs, which was excluded.

The matter offered was not properly proved.    Besides, it was not relevant to any issue raised by the pleadings. Defendant contends that his answer raised the issue of fraudulent misrepresentation.    Certainly the answer contains no such allegation, expressed or implied.

This likewise disposes of the exception that the Judge erred in not submitting the issue of fraud to the jury.

The plaintiff proved the contract and the allegations of the complaint, and the testimony on the part of the plaintiff was uncontradicted.    In fact, the answer set up no legal or equitable defense at all.    The Court, therefore, properly directed a verdict for the plaintiff.

While only a few of the exceptions point out specifically any alleged errors, and, therefore, would not ordinarily, under the rules, be considered by the Court, still, an account of the fact that defendant is a layman, and represented himself both on circuit and in this court, and was without the aid

of counsel learned in the law, we have, *ex gratia,* given all the exceptions careful consideration, but have been unable to discover any error.

Judgment affirmed.