8372
### WITCOVER v. GRANT.

1. TITLE BY ADVERSE POSSESSION.—One going into possession of land under a deed and plat is in under color of title and where he uses it for the purposes of husbandry and the ordinary uses of an occupant his possession for the statutory period will ripen into title to the land included within the lines marked on the ground by the surveyor. That the plat was actually made after the deed; that the lines marked on the ground varies from those on the plat, to the amount of thirteen acres in a tract sold for twenty-five acres, do not effect the title by possession.

2. PLEADINGS.—ESTOPPEL IN PAIS need not be pleaded.

Before PRINCE, J., Marion, Fall term, 1911. Affirmed.

Action by C. H. Witcover, continued in the name of H. Witcover, against Henry Grant. Plaintiff appeals.

*Mr. James W. Johnson,* for appellant, cites: *As to construction of secs. 103, 104 and 105 of Code of Proc.:* 48 S. C. 47; 71 S. C. 331. *Estoppel in pais should be pleaded:* Pom. Code Rem., sec. 712; 27 Am. St. R. 344.

*Mr. M. C. Woods,* contra, cites: *Estoppel in pais need not be pleaded* (81 S. C. 235) *and is a proper defense here:* 57 S. C. 279; 81 S. C. 235. *Defendant can hold to line marked out:* Harp. 232; 1 Cyc. 1124.

November 20, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. Plaintiff brought this action to recover from defendant thirteen and four-tenths acres of land, which defendant holds under the following state of facts: By her deed, dated December 12, 1891, Mrs. Cecelia H. Witcover, who was plaintiff's wife, and under whose devise of all her property he claims the land in dispute,

conveyed to defendant twenty-five acres of a tract, owned by her, containing 238 acres. The part sold to defendant is described in her deed to him as follows: "All that certain tract of land situated in the county and State aforesaid, containing twenty-five acres, beginning at a stake where my lands and those of Nancy Berry corner on the track of the W. C. & A. R. R., running thence in a westerly direction along said railroad to a point in same from which a line run at right angles to the southern boundary of my lands will include twenty-five acres, bounded on the north by the W. C. & A. R. R., on the east and south by lands of Nancy Berry, and on the west by my lands."

Plaintiff was his wife's agent in the transaction, negotiated the sale to defendant, and employed Mr. J. B. White, a surveyor, to lay off the tract sold to defendant, which was on the east side of the tract owned by Mrs. Witcover. Mr. White made a survey and marked the lines between the lot sold to defendant and the remainder of the tract, and defendant was let into possession and has held possession of all the land east of that line ever since. There is no evidence that any of it has been enclosed; but the undisputed evidence is that the part which has not been usually cultivated or improved, has been used for the purposes of husbandry and the ordinary uses of the occupant, such as gathering straw, etc.

Mr. White made a plat of the tract sold to defendant, which bears date December 14, 1897. Recent surveys discovered some errors in Mr. White's work, and showed that the lines of his plat gave defendant 27.5 acres, and that the line marked on the ground gave him 38.4 acres. This action is to recover the excess above twenty-five acres.

The defendant interposed a general denial of the allegation of title in plaintiff, and alleged title in himself by adverse possession. Under the instructions of the Court, the jury found for defendant, and plaintiff appealed.

It will be observed that the plat made by Mr. White is dated six years later than the deed to defendant; and there is conflict in the testimony as to when the survey upon which that plat is based was made. Defendant testified that the survey was made and the line marked before he went into possession, but that the plat was not made and delivered to him until some years afterwards; but he could not give the dates. A number of his witnesses said they saw the marked line as early as 1892. On the other hand, plaintiff's witness, a surveyor, testified that he found only one marked line, and that the marks on the trees corresponded in age with the date of the plat.

Under the Code of Procedure (secs. 102 and 103), if one enters into possession of a single tract of land, under a claim of title, founded upon a written instrument as being a conveyance or upon a decree or judgment, actual possession of a part thereof is sufficient to acquire title to the whole by adverse possession; and, for that purpose, by subdivisions 3 and 4 of section 103, land is deemed to have been possessed and occupied: "3. Where, although not enclosed, it has been used for the supply of fuel or of fencing timber, for the purposes of husbandry, or the ordinary use of the occupant. 4. Where a known farm or single lot has been partly improved, the portion of such farm or lot that may have been left not cleared or not enclosed, according to the usual course and custom of the adjoining country, shall be deemed to have been occupied for the same length of time as the part improved and cultivated." But sections 104 and 105 provide that where the claim is not founded upon a written instrument, or decree or judgment, only that part of the premises actually occupied (and that is defined to mean such as has been protected by a substantial enclosure, or usually cultivated, or improved), shall be deemed to have been held adversely.

Under the evidence in this case, the Court properly instructed the jury as to what shall be deemed occupation

and possession under sections 102 and 103; that is, when the claim is founded upon a written instrument, decree or judgment; because the defendant entered into possession of the land in dispute under his deed, as a conveyance thereof. The fact that the line marked on the ground varies from that described in the deed does not alter the basis of his claim. That variation may have been very slight, involving only a few feet or a few acres. The fact that there is a difference of thirteen acres can not affect the principle, or the ground upon which defendant's claim to the land is founded. The defendant's deed and plat gave him color of title to the line marked by the surveyor.

Only one other question is presented by appellant, and that is whether the Court erred in charging the law of estoppel *in pais,* when it was not pleaded in the answer. That question is answered negatively and conclusively by the cases of *Lites* v. *Addison*, 27 S. C. 235, 3 S. E. 214, and *Scarborough* v. *Woodley*, 81 S. C. 329, 62 S. E. 405, which holds that estoppel *in pais* need not be pleaded.

Affirmed.