## 9775

### RISH v. SEABOARD AIR LINE RY.

#### (93 S. E. 250.)

1. PLEADING—MOTIONS—FAILURE TO HEAR COUNTER AFFIDAVITS.—On plaintiff's motion for leave to file a reply, that the Court considered affidavits in behalf of plaintiff, but refused to consider counter affidavits on the part of the defendant, was error.

2. APPEAL AND ERROR — LEAVE TO FILE REPLY — HARMLESS ERROR — REVIEW.—That, after the overruling of a demurrer to the answer, plaintiff's motion for leave to file a reply was granted, without hearing counter affidavits of defendant's counsel, is not prejudicial to defendant, in view of Code Civ. Proc. 1912, sec. 203, providing that, where an answer contains new matter constituting a defense, "the Court may, in its discretion, on the defendant's motion, require a reply to such new matter."

3. APPEAL AND ERROR—PROCEEDINGS AFTER DECISION ON APPEAL—JUDGMENT ON PLEADINGS.—The decision of the Supreme Court, stating that, "No ruling is made as to the validity of the release" relied on by defendants, "as that question has not been raised. The order overruling the demurrer is affirmed"—was not final, and defendant was not entitled to judgment on the pleadings in the Court below.

4. PLEADING—JUDGMENT ON PLEADINGS.—Defendant was not entitled to judgment on the pleadings, where the force and effect of a stipulation filed in the case had not been determined.

5. PLEADING—SUPPLEMENTAL PLEADINGS—NECESSITY.—Under Code Civ.
   Proc. 1912, sec. 228, with reference to allowing supplemental plead-
   ings, alleging facts occurring subsequent, where the case was pend-
   ing at the time the attorneys entered into a stipulation concerning a
   release relied on by defendant, defendant to get the benefit of it
   should have made a motion for leave to file a supplemental answer.

Before WILSON, J., Lexington, February, 1917.   Af-
firmed.

Action by Mrs. Minnie Arthur Rish, administratrix of
the estate of Henry V. Rish, deceased, against the Seaboard
Air Line Railway. From an order granting plaintiff's
motion for leave to file a reply to defendant's answer, and
from an order overruling defendant's motion for judgment
on the pleadings, defendant appeals.

The following stipulation was signed by the attorneys of
record:

In this cause, the defendant having by agreement of coun-
sel amended the second defense in its answer so as to set
forth the release therein relied upon, according to the terms
thereof, and the plaintiff having demurred to said second
defense, thereby raising the legal question of the validity
of said release as a bar to the cause of action alleged in the
complaint, it is stipulated that the defendant abandons its
notice of a motion heretofore served to require the plaintiff
to reply to its second defense, and plaintiff agrees to raise no
question of fact concerning the release therein alleged, so
far as this case goes.

And it is further stipulated that this demurrer is to be
taken up by agreement during the first part of the term
beginning February 7th, and, in the event that the Circuit
Judge shall sustain said demurrer and rule the release to be
invalid as a bar to the cause of action alleged in the com-
plaint, then the defendant agrees not to immediately appeal
to the Supreme Court from such order, but to await the final
judgment in the cause before appealing therefrom; it being

agreed that the right of defendant on an appeal from any final judgment to question the correctness of such order is to be in nowise prejudiced by this agreement.

It is further understood that defendant by this stipulation does not waive any right that it may have to move for a continuance so far as concerns the trial on the merits.

*Messrs. C. M. Efird* and *Lyles & Lyles,* for appellant, submit: *Contract was unambiguous:* 46 S. C. 227, 229. *Client bound by acts of his attorney:* 47 S. C. 393; 2 McC. 406; 8 Rich. L. 468; Rule Cir. Ct. 14. *Motion for relief:* 11 Enc. Pl. & Pr. 119, 120. *Service of affidavits:* 106 S. C. 123, 133.

*Messrs. John D. Lee* and *E. J. Best,* for respondent, submit: *Order allowing reply was discretionary and not appealable:* Code Civ Proc., sec. 203; 17 S. C. 451, 453; 51 S. C. 405, 409; 93 S. C. 486, 496, 497. *Abuse of discretion:* 1 Corpus Juris 372; 47 S. C. 488, 498; 60 S. C. 135, 140; 94 S. C. 16; 100 S. C. 331, 335; 74 S. C. 296. *Order allowing reply not prejudicial to defendant:* 106 S. C. 143; 79 S. C. 270, 271; 38 S. C. 199. *As to verbal remarks of trial Judge:* 55 S. C. 555; 74 S. C. 306. *Agreements by attorneys:* 47 S. C. 393 and 396; 73 S. C. 202, 207; 76 S. C. 226, 233; 4 S. C. 10; 6 S. C. 406; 39 S. C. 498; 45 S. C. 186, 188; 6 Corpus Juris 643; 37 Okla. 75; 130 Pac. 551; Ann. Cas. 1915b, 831; 167 Mo. App. 183; 151 S. W. 187; 106 Me. 401; 76 Atl. 898; 21 Ann. Cas. 574 and 577; 160 N. C. 414; 76 S. E. 22; Ann. Cas. 1914c, 542; 157 N. C. 290; 72 S. E. 985; Ann. Cas. 1913b, 1293; 39 L. R. A. (N. S.) 62; 233 Fed. 721; Ann. Cas. 1917a, 921, 924; 39 Cyc. 1291, 1292; 2 R. C. L., Attorney and Client, secs. 63 to 80.

July 19, 1917.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is the second appeal in this case. The first appeal was from an order overruling a demurrer to the answer, on the ground that the release therein set up did not constitute a defense. The order was affirmed. 106 S. C. 143, 90 S. E. 704. Thereafter the plaintiff made a motion for leave to file a reply, alleging that said release was void for fraud; and the motion was granted. The defendant also made a motion on the pleadings, and a certain stipulation or agreement between counsel, for an order allowing it to enter judgment in its favor. His Honor refused said motion, and the defendant appealed from both orders.

We will consider first the appeal from the order allowing the plaintiff to file a reply. In his order granting the plaintiff's motion, his Honor, the Circuit Judge, says: "An affidavit by Jno. D. Lee, Esq., one of the parties to the stipulation, was submitted and considered, together with the said stipulation and the motion papers, in reaching the conclusion herein. In the view taken by the Court, it did not deem it necessary to hear counter affidavits by defendant's counsel, and so announced in open Court."

The fact that his Honor, the Circuit Judge, considered the affidavit of J. D. Lee, Esq., in behalf of the plaintiff, and refused to hear counter affidavits on the part of the defendant, was error unquestionably; but was it prejudicial to the rights of the defendant?

In the case of *Maddox v. Williamson,* 1 Strob. 23, the Court says:

"An assignment, no more than a deed, can, in a Court of law, be set aside and canceled; but when either deed or assignment comes in question, in an issue here, it will, if fraudulent and void, be for the purposes of that issue, regarded as a nullity."

And this Court, after quoting that language in *McKenzie v. Sifford,* 45 S. C. 496, 23 S. E. 622, says: "We do not see, therefore, why the Court below did not have the right to

4—108.

declare the indenture null and void, and also to decree its cancellation."

These cases are cited with approval in *Griffin v. Railway,* 66 S. C. 77, 44 S. E. 562, which involved the question whether the release therein described was void for fraud. They are also approved in *Hodges v. Kohn,* 67 S. C. 69, 45 S. E. 102.

Section 203 of the Code provides that: "In other cases, where an answer contains new matter constituting a defense by way of avoidance, the Court may, in its discretion, on the defendant's motion, require a reply to such new matter."

The Court, construing that section in *Kennedy v. Hill,* 79 S. C. 270, 60 S. E. 689, used this language: "It will thus be seen that the provisions of the Code, requiring a reply to a defense by way of avoidance, was intended for the benefit of the defendant, by giving him notice of the facts upon which the plaintiff relied. * * * The appellant has failed to show this Court that he was prejudiced by said reply."

That language is applicable to the case now before the Court.

We next proceed to determine whether there was error, on the part of his Honor, the Circuit Judge, in refusing the defendant's motion for leave to enter judgment in its favor.

3, 4

The opinion in the Supreme Court, on the former hearing, thus concludes: "Of coure, no ruling is made as to the validity of the release, *as that question has not been raised.* The order overruling the demurrer is affirmed." (Italics added.)

The decision which has just been filed, in *Singleton v. Cuttino,* 107 S. C. 465, 92 S. E. 1046, shows that it was the intention of this Court that the judgment pronounced in this case should not be final. Therefore, the defendant is not entitled to enter judgment on the pleadings. Nor is it entitled to enter judgment by reason of said agreement, as its

force and effect has not yet been determined in the manner provided by law.

Section 228 of the Code is as follows: "The plaintiff and defendant, respectively, may be allowed, on motion, to make a supplemental complaint, answer, or reply, alleging facts material to the case occurring after the former complaint, answer or reply, or of which the party was ignorant when his former pleading was made, and either party may, by leave of the Court, in any pending or future action, set up by a supplemental pleading the judgment or decree of any Court of competent jurisdiction, rendered since the commencement of such action, determining the matters in controversy in said action, or any part thereof; and if said judgment be set up by the plaintiff, the same shall be without prejudice to any provisional remedy theretofore issued, or other proceedings had in said action on his behalf."

The case was pending when the parties, through their attorneys, entered into the agreement. In order to get the benefit of it as a defense, the proper practice is for the defendant to make a motion to be allowed to file a supplemental answer.

This was the practice recognized and followed in *McCrady v. Jones,* 36 S. C. 136, 15 S. E. 430.

Appeals dismissed.

MESSRS. JUSTICES HYDRICK, WATTS and FRASER concur in the opinion of the Court.

MR. JUSTICE GAGE, *concurring in the result.* I concur in the conclusion announced by the Court. But I reach that conclusion by so different a way that I am induced to set it down.

I think the "stipulation" must speak for itself, and that the affidavit of Mr. Lee was incompetent to at all modify it. I, therefore, leave the affidavit out of consideration, and

look exclusively at the stipulation, and the narrow issue, made by it and the other record of the case, is this: This Court, having held that the release was valid to bar plaintiff's action, is the plaintiff concluded by the stipulation to question the genuineness of the release? I am clearly of the opinion that the plaintiff is not so concluded.

The following is a chronological history of the progress of the action: The plaintiff sued for the wrongful death of her intestate. The defendant pleaded in bar a release given by the deceased in his lifetime, but did not recite the release. Within four days the defendant moved for an order requiring the plaintiff to reply to the allegation of the release, and concurrently therewith made and served a copy of the release. In the same month, counsel for the parties made the stipulation. That instrument is made up of a recital and an arrangement. The recital is composed of two clauses, to wit:

Recital: "(1) The defendant * * * having amended the second defense * * * so as to set forth the release * * * according to the terms thereof, (2) and the plaintiff having demurred to the said defense thereby raising the *legal question* of the *validity* of the said release as a bar to the * * * action." (The italics are supplied.)

Agreement: "(1) That the defendant abandons its * * * motion * * * to require the plaintiff to reply to its second defense.

"(2) And plaintiff agrees to raise no *question* of *fact concerning the release* therein alleged, so far as this case goes.

"(3) That in the event the Circuit Judge shall * * * rule the release to be *invalid* as a bar to the cause of action alleged in the complaint, then the defendant agrees not to immediately appeal * * * from such order, but to await the final judgment in the cause before appealing."

Immaterial words have been omitted.

It is manifest that the parties were stipulating about the release as it appeared on its face. The question at issue was the legal effect of the release as it was pleaded, its validity as a bar to the action. The "question of fact concerning the release" was the fact of its execution, not of its genuineness. Hitherto there had been no suggestion of a question of fact arising out of ungenuineness of the release. The parties did not forecast in the stipulation what would be done in the event the Court should hold that the release was valid. That stipulation was not provided for, and the parties have not stipulated about it. Therefore, the plaintiff is not cut off to contend now that the release is not genuine; he is only concluded to deny the fact that the release was executed, and the law that it was effective, as it then appeared, to bar the plaintiff's action.