14348

WILLIAMS v. JEFFERSON STANDARD LIFE INSURANCE COMPANY *ET AL.*

(187 S. E., 540)

Before MANN, J., Orangeburg, April, 1935. 

*Messrs. Thomas, Lumpkin & Cain* and *W. C. Wolfe,* for appellant,

*Messrs. D. H. Dantzler* and *Lide & Felder,* for respondent,

September 4, 1936.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The plaintiff, as administrator of the estate of B. B. Williams, Sr., deceased, brought this action against the defend-

ant, Jefferson Standard Life Insurance Company, to recover judgment in the sum of $2,995.00, based on the issuance of an insurance policy on the life of Braxton Bragg Williams (who is the same person as B. B. Williams, Sr.). The policy bore date December 16, 1912, and was in the face amount of $10,000.00. The insured died March 19, 1929.

On December 16, 1921, by agreement with the insurance company, the insured converted the policy into what is styled a paid-up contract in the face amount of $2,375.00, payable at·death of the insured. Under the terms and provisions of the policy he was thereupon relieved of the payment of further annual premiums thereon. The insurance was payable to the executors, administrators or assigns of the insured, and the amount claimed to be due by the plaintiff is the sum of $2,375.00, with interest, aggregating the sum of $2,-995.00.

The defendant admitted the material allegations of the complaint, and set up as a bar to the plaintiff's· action that in the month of November, 1926, the insured requested the defendant company to pay him the cash surrender value of the policy as of that date, and, in accordance with this re-quest, the policy contract was duly surrendered to the de-fendant, and the insured acknowledged receipt and payment of such cash surrender value in the sum of $1,606.00. By virtue of this payment the defendant denied all liability on the policy existing in favor of the plaintiff or any other person.

Upon the trial of the case, pursuant to notice, the defend-ant produced the original policy. The plaintiff introduced the policy in evidence, and rested his case upon it, and upon the admissions made in the pleadings.

During the trial, the plaintiff, over the objection of the defendant, sought to show by evidence drawn from defend-ant's first witness, that Mr. Williams, the insured, was an inmate of the State Hospital for the Insane at the time the policy was surrendered for its cash value, to·wit, $1,606.00,

in the year 1926. The defendant company objected to the admission of this evidence, and all evidence going to prove mental incapacity of the insured at the time the policy was surrendered, upon the grounds: First, because the action at bar was not brought to set aside any transaction between the defendant and the insured; and, second, because mental incapacity of the insured was not pleaded, and for this reason the defendant had no notice that evidence would be offered to prove it, and was therefore unprepared to make a proper defense on this issue.

After quite a lengthy colloquy which ensued between the Court and counsel for the plaintiff and for the defendant, the objection to the evidence was sustained, and the plaintiff was not permitted to elicit or offer any testimony tending to prove mental incapacity, or to make any attack upon the validity of the release alleged to have been signed by the insured, on that ground. The trial Court ruled that the defendant was entitled to formal notice by pleading of the specific ground on which the plaintiff intended to attack the validity of the release and settlement in order that it might have an opportunity to procure and introduce such evidence as it might wish, to support the integrity of the defense of payment.

Following his ruling, the Circuit Judge then permitted the defendant to call and examine one other witness for the purpose of proving its defense of payment, and introducing into evidence the release signed by the insured, and the canceled check in the sum of $1,606.00, showing his indorsement. The introduction of this evidence was allowed by the trial Judge so that the defendant might be in a position on the record to make a motion for a directed verdict in its favor. The defendant made its motion for a directed verdict upon the ground that it had established its defense of payment, and had proved a complete release, and there being no evidence before the Court to the contrary, a verdict in its behalf should be directed. Whereupon, the trial Judge over-

ruled the motion, withdrew the case from the jury, and *sua sponte* ordered a mistrial, in order that the plaintiff might, if he saw fit, amend his complaint or follow the suggestion of the Court, and bring a suit in equity for the purpose of setting aside the release upon the ground of mental incapacity to contract. Both the plaintiff and the defendant company have appealed to this Court from the ruling in the Court below.

The plaintiff bases his appeal on two grounds:

1. That the trial Judge erred in holding that plaintiff could not attack the release unless the grounds for such attack had been pleaded, when he should have held that a release might be attacked and set aside for any proper grounds after it was admitted in testimony on the part of the defendant.

2. That the trial Judge erred in holding that it is necessary to bring a special proceeding to set aside a release, or to specially plead the incapacity of the party executing the release before evidence should be admitted tending to set aside or void such release.

The exceptions of the defendant make these questions:

1. That the Court erred in refusing to direct a verdict when all of the testimony shows that the policy had been legally terminated and canceled.

2. That the trial Judge abused his discretion in withdrawing the case from the jury after all testimony was in and the motion for directed verdict for defendant had been made to the Court.

We will first pass upon the errors assigned by the plaintiff.

The trial Judge refused to allow the introduction of any evidence by the plaintiff impeaching the validity of the release in question on the ground that the case at bar was not a suit in equity to set aside the alleged settlement and release; and upon the further ground that such testimony was inadmissible unless responsive to a pleading alleging the

mental incapacity of the insured whereby the defendant would be apprised of the issue to be met.

Obviously, it was the opinion of the trial Judge that one or the other of these courses should be adopted, and for that reason the case was withdrawn from the jury, and a mistrial ordered for the reasons stated.

The position of the plaintiff is that no reply to the answer of the defendant was necessary under our code of procedure, unless the defendant had first obtained on motion an order of the Court requiring a reply; and, further, that the release or settlement set up by the defendant could be attacked without such reply being made, and that under the pleadings—complaint and answer—he should be allowed to offer any competent testimony tending to prove that the insured was incapable of making a valid contract or agreement at the time the release was obtained and the settlement made, on account of his mental incapacity.

We entertain no doubt of the correctness of these contentions of the plaintiff.

Questions similar to these have been before this Court upon more than one occasion, and decided adversely to the position now taken by the defendant company.

The Code provides that, when the answer contains new matter, constituting a counterclaim, the plaintiff may, within twenty days, reply to such new matter, denying, generally or specifically, each allegation controverted by him, or any knowledge or information thereof, sufficient to form a belief, and he may allege, in ordinary and concise language, without repetition, any new matter, not inconsistent with the complaint, constituting a defense to such new matter in the answer. Code 1932, § 471.

In the latter part of the same section of the Code it is provided that where the answer contains new matter, constituting a defense by way of avoidance, the Court may in its discretion, on the defendant's motion, require a reply to such

new matter; and in that case the reply shall be subject to the same rules as a reply to a counterclaim.

Where the new matter, set up in the answer, does not constitute a counterclaim, no reply is necessary or allowable, except under an order of the Court. It will thus be seen that the provisions of this section, requiring a reply to a defense by way of avoidance was intended for the benefit of the defendant by giving him notice of the facts upon which the plaintiff relied. *Kennedy v. Hill*, 79 S. C., 270, 60 S. E., 689; *Rish v. Seaboard Air Line Railway*, 108 S. C., 30, 93 S. E., 250.

The prime purpose and object of pleading is to advise the parties of the issues they will be called upon to meet, and to give them opportunity to prepare for trial. *Shelton v. Southern Ry.*, 86 S. C., 98, 67 S. E., 899. A reply is a pleading, specifically provided for in the Code, and designed to accomplish this purpose, but the defendant made no motion requiring a reply to its defense of payment and release, and cannot now be heard to complain that it was taken by surprise, and without notice of facts which it might have obtained by pursuing the procedure outlined in the Code.

In the case of *Craig Milling Co. v. Cromer*, 85 S. C., 350, 67 S. E., 289, 290, this question was raised and the Court held, "The Code (section 174 [present Section 471]) does not require a reply to be served except 'when the answer contains new matter constituting a counterclaim.' The court may, however, in its discretion, on motion of defendant, require a reply to new matter, constituting a defense by way of avoidance. The most casual reading of the answer shows that it did not set up a counterclaim, and therefore no reply was necessary."

In the case of *Fass v. Liverpool, London & Globe Fire Insurance Company*, 105 S. C., 364, 89 S. E., 1040, 1044, the same point was again raised, upon facts almost identical in principle with the facts of the present case. In that case

the plaintiff brought an action against a fire insurance company for recovery of a sum claimed to be due upon a contract of insurance, after an award had been made by arbitrators. The defendant set up as a defense that an award had been made which should be held to have conclusively determined the amount due under the policy. The Court said, "Plaintiff's cause of action is one at law for the recovery of money only. By the form of her complaint, she evidently intended to follow the settled practice, ignoring the award as a nullity. When defendant set it up in bar of her action, she need not have replied to the answer, since a reply is unnecessary, except when a counterclaim is set up in the answer, or when it is required by special order of Court under the last paragraph of Section 203 of the Code of Civil Procedure [now Section 471, 1932 Code]."

In the present case the plaintiff states a cause of action at law for the recovery of money only, founded upon a contract of insurance. He ignored the settlement relied upon by the defendant, and not only was under no duty to make reply to the defendant's answer, but had no legal right to do so. *Price v. Richmond & D. R. Co.*, 38 S. C., 199, 17 S. E., 732, 736; *Powell v. Continental Insurance Co.*, 97 S. C., 375, 81 S. E., 654; *Kennedy v. Hill, supra; Rish v. Seaboard Air Line Railway, supra.* Under the holding in these cases it was not necessary for the plaintiff to anticipate any defense which the defendant might interpose, nor was it necessary for him to plead the insanity of the insured.

Unless the Court in its discretion, upon motion, requires a reply, new matter set up in an answer by way of defense, not relating to a counterclaim, is deemed controverted by the adverse party without a reply. Code, § 488. Therefore, the allegations in the answer that the insured requested the defendant company to allow him to surrender his policy for its then cash surrender value, and that pursuant to said request the policy was duly surrendered

and the cash surrender value paid, and that the insured acknowledged receipt and payment, were in direct issue.

Not only this, but the plaintiff had the right, under the settled practice of this State, to attack the validity of the release and settlement, for fraud, mistake, duress, mental incapacity, or to prove any other matter in denial or avoidance of the new matter set up in the answer. *Fass v. Liverpool, London & Globe Fire Insurance Company, supra.*

In *Price v. Richmond & D. R. Co., supra,* which was an action at law to recover damages for personal injuries, the defendant set up by way of defense, a release which plaintiff was allowed to attack on the ground that it was obtained from her intestate by fraud and undue influence. The issue was tried by the jury, and that mode of trial was approved by this Court, which, in disposing of the same contention that is made in this case, said: "There certainly are certain issues which may be tried on either side of the Court, and among them is fraud, in all its forms, and, as I suppose, also, want of *mental capacity* [italics ours] duress, undue influence, etc., to such extent as to make an instrument absolutely void." Also see *McCord v. McCord,* 3 S. C., 577.

The principle announced in the *Price case* was reaffirmed in *Fass v. Liverpool, London & Globe Fire Ins. Co., supra.*

The defendant contends that a contractual relationship existed between the insurance company and the insured, and for this reason this case does not come within the rule enunciated in that line of cases, wherein a plaintiff in an action at law is permitted to impeach the validity of a release set up by the defendant as a bar to recovery; as, for instance, tort cases.

We are unable to appreciate the force of this argument. It appears to be a distinction without a difference. The legal principle involved, and the rules of pleadings and procedure which we have discussed, apply in either case.

It is our opinion that the trial Court fell into error by re-

fusing to allow the plaintiff to attack the release and settlement set up in the answer of the defendant.

The exceptions of the defendant company cannot be sustained. If the trial Judge had directed a verdict in favor of the defendant, it would be our duty to set it aside, for the reasons already stated.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and the case be remanded for a new trial.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate.