### 17075

J. CAIN LEE, Appellant, v. SOUTHERN RAILWAY COMPANY, Respondent

(89 S. E. (2d) 431)

*Messrs. Harvey W. Johnson* and *James B. Stephen,* of Spartanburg, *for Appellant,*

*Messrs. Frank G. Tompkins, Jr.,* of Columbia, and *Sam R. Watt* and *Chester D. Ward, Jr.,* of Spartanburg, *for Respondent,*

October 12, 1955.

TAYLOR, Justice.

Appellant in this case seeks injunctive relief and to recover for damage done to certain real estate and a gladiolus crop thereon alleged to have been caused by Defendant's construction of a passing track and resulting diversion and concentration of surface waters thereon.

Respondent's answer amounts to a general denial of the material allegations of the complaint and pleads that the passing track was constructed on its right-of-way.

Upon call of the case for trial in the Court of Common Pleas for Spartanburg County, the trial Judge excluded both in chief and in reply evidence proffered by Appellant in

an attempt to overcome Respondent's defense of right-of-way by adverse possession and estoppel. The case was submitted to the jury who found for the Defendant railroad company and the appeal now before us presents the question of whether or not the proffered evidence should have been admitted.

Section 10-661, South Carolina Code of Laws, 1952, provides in part:

"When the answer contains new matter constituting a counterclaim the plaintiff may within twenty days reply to such new matter denying generally or specifically each allegation controverted by him or any knowledge or information thereof sufficient to form a belief. * * * And in other cases when an answer contains new matter constituting a defense by way of avoidance the court may, in its discretion, on the defendant's motion, require a reply to such new matter and in that case the reply shall be subject to the same rules as a reply to a counterclaim."

In *Williams v. Jefferson Standard Life Ins. Co.,* 181 S. C. 344, 187 S. E. 540, 543, this Court stated:

"Where the new matter, set up in the answer, does not constitute a counterclaim, no reply is necessary or allowable, except under an order of the court. It will thus be seen that the provisions of this section, requiring a reply to a defense by way of avoidance, was intended for the benefit of the defendant by giving him notice of the facts upon which the plaintiff relied. *Kennedy v. Hill,* 79 S. C. 270, 60 S. E. 689; *Rish v. Seaboard Air Line Railway,* 108 S. C. 30, 93 S. E. 250."

In the case of *Atlantic Coast Line R. Co. v. Little,* 195 S. C. 455, 12 S. E. (2d) 7, 9, the position of the contesting parties was the converse of the situation here and the Court held that a railroad right-of-way having been acquired for a public purpose could not be attacked by way of general denial, stating:

"It is contended, however, by the defendant that her answer contains a general denial which would be sufficient to

raise an issue on this point, but it will be observed by reference to the answer that it does not actually contain a general denial, for the denial is expressly qualified by the subsequent admissions. *Burkhalter v. Townsend,* 139 S. C. 324, 138 S. E. 34. But we do not think that even a general denial in regular form would have raised an issue as to notice to the defendant of the right-of-way, because the original charter, which contains (by reference) the provisions relating to the right-of-way, is found in a public act of the General Assembly, the existence or validity of which could not be questioned by a general denial. *Bank of Enoree v. Yarborough,* 120 S. C. 385, 113 S. E. 313."

Appellant set up his claim to title by way of will of his father, and Respondent set up the defense of right-of-way. Under our view of the case, Appellant should have been permitted to offer such evidence as would tend to show that the use of the property was of such nature as to estop Respondent from setting up the defense of right-of-way. Equitable estoppel or estoppel *in pais* is a term applied to a situation where, because of something which he has done or omitted to do, a party is denied the right to plead or prove an otherwise important fact. See Equitable Estoppel or Estoppel *in Pais,* 19 Am. Jur. 634, Section 34; and it was held in *Lites v. Addison,* 27 S. C. 226, 3 S. E. 214, 218, that in the absence of a statute requiring estoppel *in pais* to be plead, it is not necessary to do so, the language being:

"In Big. Estop. 532, it is said: 'As it is not necessary, clearly, to plead an estoppel *in pais,* in the absence of a statute, there is little to be said on the subject.' We have no statute requiring it to be pleaded. Indeed, under the system of code pleading, we do not well see how the estoppel could be pleaded in a case like this. The plaintiff could not by reply do so, as that pleading is only permissible where a counter-claim is set up by the answer, or where the court, in its discretion, may, on the defendant's motion, require a reply, which was not the case here." See also *Witcover v. Grant,* 93 S. C. 190, 76 S. E. 274.

For the foregoing reasons, we are of the opinion that the case must be remanded to the Court of Common Pleas for Spartanburg County for a new trial, and in the meantime, Respondent may move before a Judge of that Court, under Section 10-661, for a reply to its defense of avoidance if it be so advised. Reversed.

STUKES, OXNER and LEGGE, JJ., and JOSEPH R. Moss, A. A. J., concur.